**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Carlos ABAD, Defendant–Appellant.**

No. 96CA1100.

Colorado Court of Appeals, Div. V.

Oct. 16, 1997.

Rehearing Denied Dec. 11, 1997.

Certioari Denied Aug. 24, 1998.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Katherine A. Cleman, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Carlos Abad, Pro Se.

Opinion by Judge KAPELKE.

Defendant, Carlos Abad, appeals the trial court's summary denial of his Crim. P. 35(c) motion for postconviction relief. We affirm.

In 1988, defendant was convicted on one count of aggravated robbery and one count of robbery. He was sentenced to a total of 26 years, to be served consecutively to the sentence imposed in a separate case. Defendant's convictions were affirmed on appeal. *See People v. Abad,* (Colo.App. No. 88CA1456, January 10, 1991) (not selected for official publication). Following denial of defendant's petition for certiorari, the mandate was issued in November 1991.

Thereafter, defendant filed a petition in the United States District Court for a writ of habeas corpus, pursuant to 28 U.S.C. 2254 (1994), based upon the issues previously presented to the state appellate courts. The federal court denied defendant's petition, and the Tenth Circuit Court of Appeals affirmed the decision. In October 1994, the United States Supreme Court denied defendant's petition for certiorari.

In January 1995, defendant, *pro se,* filed the instant Crim. P. 35(c) motion for postconviction relief, alleging ineffective assistance of counsel, coercion in the entry of his guilty plea, and insufficiency of the evidence supporting his conviction. The trial court summarily denied defendant's motion on the ground that it was untimely under § 16–5–402, C.R.S.1997.

Defendant contends that the trial court's denial of his Crim. P. 35(c) motion constituted an error of law, as well as an abuse of discretion. Specifically, defendant argues that his motion was timely under § 16–5–402 and, even if untimely, was properly before the trial court pursuant to a statutory exception. We disagree.

A.

Section 16–5–402 sets forth limitation periods for the filing of collateral attacks on a judgment in a criminal case. As pertinent here, the statute provides that a defendant has three years from the date of his or her conviction to commence a collateral attack. However, the time limitation does not apply if the trial court finds that the defendant's failure to seek relief within the applicable period was the result of circumstances amounting to justifiable excuse or excusable neglect. Section 16–5–402(2)(d), C.R.S.1997.

Defendant bears the burden of establishing the existence of justifiable excuse or excusable neglect and must allege facts which, if proven, would carry that burden. Absent such allegations he is not entitled to a hearing on the applicability of the time bar. The question whether a defendant has met his burden is one of fact to be determined by the trial court. *People v. Wiedemer,* 852 P.2d 424 (Colo.1993).

Defendant first argues that his motion was timely because the three-year limitation period under § 16–5–402 did not begin to run until the United States Supreme Court denied his petition for certiorari in 1994. However, we are unaware of any authority for defendant's asserted proposition that the initiation of a habeas corpus action in federal court affects either the finality of a judgment entered at the conclusion of a criminal appeal in state courts or the jurisdiction of the state courts to entertain a collateral challenge to the conviction. Indeed, pertinent rulings suggest to the contrary. *See United States v. Masters,* 484 F.2d 1251 (10th Cir.1973) (habeas corpus actions are civil and not criminal proceedings); *Mulkey v. Sullivan,* 753 P.2d 1226 (Colo.1988) (habeas corpus is a civil proceeding independent of the criminal charge); *People v. Hampton,*

876 P.2d 1236 (Colo.1994) (a defendant's conviction is final pursuant to § 16–5–402 when his or her appeal has been exhausted).

Accordingly, because jurisdiction to consider defendant's motion for post-conviction relief was restored to the trial court following issuance of the 1991 appellate mandate affirming his conviction, *see Valdez v. District Court,* 720 P.2d 974 (Colo.1986), the trial court properly determined that defendant's Crim. P. 35(c) motion, filed in 1995, was untimely under § 16–5–402.

### B.

■ The record does not support defendant's further argument that the trial court abused its discretion by denying his motion without allowing him to submit a pleading showing justifiable excuse or excusable neglect.

The record reveals that, upon receipt of defendant's Crim. P. 35(c) motion, the trial court ordered the People to file a response and defendant to file a reply to that response. In their response, the People argued that defendant's motion was untimely under § 16–5–402 unless he established justifiable excuse or excusable neglect.

Defendant did not file a reply as ordered, but instead filed motions for enlargement of time, appointment of counsel, and withdrawal of his Crim. P. 35(c) motion. These motions were denied. In none of these motions did defendant respond to the People's contention that his Crim. P. 35(c) motion was untimely or assert what might be construed as an allegation of justifiable excuse or excusable neglect as to his failure to act within the three years following his conviction. Specifically, defendant failed to present to the trial court any of the arguments he makes for the first time on appeal.

Under these circumstances, we perceive no error in the trial court's denial of defendant's Crim. P. 35(c) motion. *See People v. Wiedemer, supra.*

The order is affirmed.

RULAND and CASEBOLT, JJ., concur.