The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Richard Steven METCALF, Defendant–Appellant.

Nos. 97CA1745, 97CA2056.

Colorado Court of Appeals, Div. IV.

April 29, 1999.

** See footnote *, *ante.*

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Roger G. Billotte, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Foster, Larson, Laiche & Griff, Stephen L. Laiche, Grand Junction, Colorado, for Defendant-Appellant

Opinion by Judge KAPELKE.

Defendant, Richard Steven Metcalf, appeals the trial court's order denying his Crim. P. 35(c) motion as untimely. We affirm.

After entering guilty pleas to three counts of aggravated robbery and one count of crime of violence, defendant was sentenced to three concurrent 25–year terms of imprisonment. On a direct appeal of those sentences, a division of this court affirmed. *People v.* *Metcalf* (Colo.App. No. 91CA0527, Nov. 13, 1992) (not selected for official publication). The supreme court denied certiorari on June 7, 1993, and the mandate issued on June 17, 1993.

On October 12, 1993, defendant filed a timely motion for reduction of sentence pursuant to Crim. P. 35(b). On April 18, 1994, the trial court granted the motion in part and reduced all three sentences by five years.

On April 8, 1997, defendant filed a Crim. P. 35(c) motion challenging the validity of his guilty pleas. He alleged, as pertinent here, that the motion was timely under § 16–5–402, C.R.S.1998, because it was filed within three years of the trial court's ruling on his Crim. P. 35(b) motion.

Thereafter, the People filed a motion to dismiss, arguing that the Crim. P. 35(c) motion was untimely because it was filed more than three years after the conclusion of defendant's direct appeal and because it contained no affirmative allegations of justifiable excuse or excusable neglect. The trial court agreed, and denied the Crim. P. 35(c) motion as untimely. This appeal followed.

As pertinent here, § 16–5–402 provides that a defendant must initiate a collateral attack upon a felony conviction within three years of the date of that conviction unless he or she demonstrates circumstances amounting to justifiable excuse or excusable neglect.

On appeal, defendant reasserts his contention that his Crim. P. 35(c) motion was timely because it was filed within three years of the trial court's Crim. P. 35(b) ruling. He maintains that his conviction and sentence did not become final until the Crim. P. 35(b) motion was ruled on, and that the limitation period under § 16–5–402 therefore did not begin to run until the date of that ruling. We disagree.

In *People v. Wiedemer*, 852 P.2d 424 (Colo. 1993), the supreme court held that, when there has been no direct appeal, the date of conviction for purposes of § 16–5–402 is the date on which the trial court enters the judgment of conviction pursuant to Crim. P. 32(c).

Later, in *People v. Hampton*, 876 P.2d 1236 (Colo.1994), the supreme court ad-

dressed the issue whether, when there has been a direct appeal, the limitation period in § 16–5–402 begins to run upon conviction in the trial court or upon exhaustion of the direct appeal. The court held that the word "conviction" in· § 16–5–402 "refers to a conviction after a defendant's appeal has been exhausted." *People v. Hampton, supra*, 876 P.2d at 1240. Thus, the court concluded that the limitation period in § 16–5–402 does not begin to run "until after the defendant's appeal has been exhausted." *People v. Hampton, supra*, 876 P.2d at 1241.

The *Hampton* court, however, did not address the precise issue before us in this case: If a Crim. P. 35(b) motion has been timely filed after the conclusion of a direct appeal and the court reduces the sentence as a result of the motion, does the limitation period in § 16–5–402 begin to run on the date the amended mittimus is entered or on the date the direct appeal was concluded?

Relying on *People v. Wiedemer, supra*, defendant argues that because his sentence, as modified, is "a new sentence, with new conditions and new, different terms of incarceration," it.is one imposed pursuant to Crim. P. 32(c). Therefore, he argues, it is the date the sentence was modified that triggers the running of the limitation period in § 16–5–402. We are not persuaded.

If we were to accept defendant's position, any time a court modified a sentence pursuant to Crim. P. 35(b) or corrected a mittimus in any respect, it would result in a new three-year window for the filing of collateral attacks on convictions under Crim. P. 35(c). We find no indication in the statutes or the rules that such a result was ever intended.

In holding that the limitation period under § 16–5–402 does not begin to run until the conclusion of the direct appeal, the *Hampton* court emphasized that a contrary interpretation might result in a convicted defendant's having to choose between two rights. The court stated:

> As the court of appeals noted, if a defendant were required to file a motion for postconviction relief within three years of his conviction without taking into account the appeal period, then he might have to choose between the right to appeal and the right to postconviction review.

*People v. Hampton, supra*, 876 P.2d at 1241.

Here, however, there is no possible risk of such a choice at stake. Nothing precludes a defendant from filing both a timely Crim. P. 35(b) motion *and* a Crim. P.35(c) motion after conclusion of the direct appeal.

In addition, unlike the situation where a direct appeal has been filed, the filing of a Crim. P. 35(b) motion does not divest the district court of jurisdiction to entertain a collateral attack on a conviction pursuant to Crim. P. 35(c).

■ Accordingly, we conclude that if a Crim. P. 35(b) motion is filed and granted after the conclusion of a direct appeal, the date of conviction for purposes of § 16–5–402 is the date the appeal is exhausted, not the date of the amended mittimus reflecting the reduction of sentence.

■ Furthermore, because defendant did not allege circumstances of justifiable excuse or excusable neglect in his Crim. P. 35(c) motion, we reject his alternative argument that the untimeliness of his Crim. P. 35(c) motion was the result of justifiable excuse or excusable neglect. Nor need we remand to allow the trial court to consider such an argument. *See People v. Abad*, 962 P.2d 290 (Colo.App.1997); *People v. Xiong*, 940 P.2d 1119 (Colo.App.1997); *see also People v. Wiedemer, supra* (when the statutory period for filing a Crim. P. 35(c) motion has passed, defendant must affirmatively plead the existence of justifiable excuse or excusable neglect).

The order is affirmed.

Judge NEY and Judge ROY concur.