The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Rosetta V. CUMMINS, a/k/a Rosetta V. Jones, Defendant–Appellant.

No. 00CA0908.

Colorado Court of Appeals, Div. V.

Sept. 13, 2001.

Certiorari Denied Jan. 14, 2002.

Ken Salazar, Attorney General, Barbara S. Askenazi, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Mark S. Rubinstein, P.C., Mark S. Rubinstein, Denver, CO, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, Rosetta V. Cummins, appeals from the trial court order denying her motion pursuant to Crim. P. 35(c) as untimely filed. We affirm.

Pursuant to a plea agreement, defendant pled guilty to child abuse (criminal negligence resulting in death). On May 24, 1993, the trial court entered a judgment of conviction and sentenced her to five years of probation.

In August 1995, after defendant admitted violating the terms of her probation, the court revoked probation and sentenced her to eight years in the Department of Corrections (DOC). In November 1995, defendant filed a motion to reconsider sentence pursuant to Crim. P. 35(b). The court denied the motion.

In April 1996, defendant filed a *pro se* motion for postconviction relief pursuant to Crim. P. 35(c). Concluding that the motion sought only sentence reconsideration, the court denied it as untimely under Crim. P. 35(b).

In December 1997, defendant filed a *pro se* motion to correct her sentence. In April 1998, the court appointed counsel to represent defendant in connection with that motion. In October 1999, counsel filed a Crim.

P. 35(c) motion alleging that defendant's conviction had been obtained in violation of her constitutional rights and as a result of ineffective assistance of counsel.

Following a hearing, the court denied the Crim. P. 35(c) motion, finding that it was untimely filed. This appeal is from the denial of that motion.

### I.

Defendant first contends that her Crim. P. 35(c) motion was timely because it was filed within three years of the August 1995 date her probation was revoked and she received her DOC sentence. We disagree.

■ Section 16–5–402, C.R.S.2001, requires that a defendant initiate a collateral attack on a felony conviction within three years, absent a showing of circumstances that amount to justifiable excuse or excusable neglect. *People v. Metcalf,* 979 P.2d 581 (Colo.App.1999).

■ For purposes of postconviction review, where, as here, no direct appeal was taken, a conviction occurs when the trial court enters judgment and imposes sentence. *People v. Hampton,* 857 P.2d 441, 444 (Colo. App.1992), *aff'd,* 876 P.2d 1236 (Colo.1994).

■ Here, the court entered the judgment of conviction and imposed the probation sentence on May 24, 1993. Accordingly, absent a showing of justifiable excuse or excusable neglect, defendant's Crim. P. 35(c) motion had to be filed no later than May 24, 1996.

Defendant urges, however, that a new judgment of conviction was entered, in effect, in 1995 when she admitted the violation of her probation conditions and received her DOC sentence. We reject this contention.

■ There was but one judgment of conviction, and it was entered in May 1993. Further, the operative sentence, for purposes of determining timeliness, was the one imposed at that time. In 1995, defendant was simply *resentenced.* Such a resentencing does not trigger the commencement of a new three-year period for collateral attack.

A contention similar to that advanced by defendant here was rejected by a division of this court in *People v. Metcalf, supra,* 979 P.2d at 583. The division stated: "If we were to accept defendant's position, any time a court modified a sentence ... or corrected a mittimus in any respect, it would result in a new three-year window for the filing of collateral attacks on convictions under Crim. P. 35(c). We find no indication in the statutes or the rules that such a result was ever intended."

Similarly, we find no authority to support defendant's contention here. Accordingly, we conclude that the trial court properly held that the judgment of conviction was entered in 1993 and that the collateral attack in 1999 was untimely.

### II.

■ Defendant also argues that her motion was timely because she commenced her collateral attack in April 1996 by filing her initial Crim. P. 35(c) motion, which she claims the court improperly treated as a request for sentence reconsideration under Crim. P. 35(b). Again, we disagree.

We first note that no appeal was taken from the denial of that April 1996 motion. Further, the motion that is the subject matter of *this* appeal was not filed until October 1999, more than six years after the judgment of conviction was entered. We therefore reject this contention, as well.

### III.

■ Finally, defendant argues that she has alleged sufficient circumstances of justifiable excuse or excusable neglect. We disagree.

In this regard, defendant points to the fact that the public defender's office withdrew from representation of her on May 23, 1996, the day before the three-year period for collateral attacks expired.

Our review of the record reveals that the trial court did not authorize the public defender's office to withdraw until June 13, 1996. In any event, however, defendant has not provided any adequate excuse or explanation for her failure to file her motion until 1999.

Under the circumstances, the record supports the trial court's finding that defendant has not demonstrated justifiable excuse or excusable neglect. Accordingly, the trial court properly held that defendant's Crim. P. 35(c) motion was untimely filed and therefore should be denied.

In light of our disposition, we do not address defendant's contentions regarding the merits of her motion.

The order is affirmed.

Judge TAUBMAN and Judge NIETO concur.