The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Victor ROBLES, Defendant–Appellant.

No. 01CA0990.

Colorado Court of Appeals,
Div. II.

Feb. 13, 2003.

Rehearing Denied March 13, 2003.

Certiorari Denied Aug. 18, 2003.

Ken Salazar, Attorney General, Monica M. Marquez, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Samler and Whitson, P.C., Eric A. Samler, Hollis A. Whitson, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge JONES.

Defendant, Victor Robles, appeals the trial court's order denying his Crim. P. 35(c) motion for postconviction relief based on the

alleged ineffective assistance of his trial counsel. We affirm.

Defendant and a codefendant were tried in 1987 for their participation in a criminal episode that included, among other things, the breaking and entering of a business and the attack and robbery of two men.

During trial, a victim of the assaults unexpectedly testified that defendant was one of his attackers. Neither the prosecution nor the defense expected an in-court identification by a witness.

Defense counsel moved to suppress the testimony and asked the court to grant a mistrial. The court held an in camera hearing on the matter, during which both defense counsel indicated waiver of their respective clients' presence. After determining that the in-court identification was not a result of improper conduct, the court denied the defense motions. The trial then resumed in the presence of defendant and the jury. Defense counsel fully cross-examined the witness about his identification of defendant and achieved the witness's concession that he could not in fact identify the faces and hair of either defendant.

The jury found defendant guilty of first degree burglary, robbery of the elderly, theft, aggravated motor vehicle theft, two counts of first degree assault, two counts of aggravated robbery, and five counts of crimes of violence. The court entered judgment of conviction against defendant and sentenced him to a cumulative total of 112 years in prison.

His conviction and sentence were affirmed on direct appeal by a division of this court in *People v. Robles*, (Colo.App. No. 88CA0289, Jan. 4, 1990)(not published pursuant to C.A.R. 35(f))(*Robles I*). The supreme court granted a writ of certiorari and, in *Robles v. People*, 811 P.2d 804 (Colo.1991), ordered that defendant's sentence be modified to comply with the crimes of violence statute. On remand, defendant was resentenced by the trial court to sixty-eight years in prison.

According to the record, defendant then sought a reconsideration of his sentence pursuant to both Crim. P. 35(b) and (c), which the trial court denied. Defendant appealed the ruling; a division of this court affirmed it, *People v. Robles*, (Colo.App. No. 94CA0993, July 27, 1995)(not published pursuant to C.A.R. 35(f)); and, in December 1995, the supreme court denied defendant's petition for writ of certiorari.

In October 1998, defendant filed the Crim. P. 35(c) motion at issue here. After a hearing, the court denied the motion, and this appeal followed.

## I.

■ We begin by acknowledging the People's argument that defendant's Crim. P. 35(c) motion was filed outside the statutory time period for collateral attacks set forth in § 16–5–402(1), C.R.S.2002. However, we elect to address the merits of defendant's collateral attack because the trial court considered the motion on its merits. *See People v. Kilgore*, 992 P.2d 661 (Colo.App.1999).

## II.

■ Defendant contends that his conviction was obtained in violation of his constitutional right to effective assistance of counsel because counsel waived defendant's presence at the in camera hearing. We do not agree.

There is a strong presumption that judicial proceedings are reliable, and, to prove ineffective assistance of counsel, a defendant must overcome that presumption. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

To succeed on a claim for ineffective assistance of counsel, the defendant must show both that his or her counsel's performance was constitutionally deficient and that the deficient performance resulted in prejudice to the defendant. However, the foregoing two-part test need not be met in any particular order; a court may elect first to determine whether the defendant suffered any prejudice and may resolve the claim on that basis alone. *Strickland v. Washington, supra; People v. Naranjo*, 840 P.2d 319 (Colo. 1992).

To prove prejudice, a defendant must show a reasonable probability that, but for counsel's ineffective assistance, the result of the

proceeding would have been different. *Strickland v. Washington, supra.* Thus, a defendant must establish a "reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting [his or her] guilt." *Strickland v. Washington, supra,* 466 U.S. at 695, 104 S.Ct. at 2068–69, 80 L.Ed.2d 674.

■ Notably, the prejudice prong of the *Strickland* test is modified in cases where counsel's erroneous performance leads to a defendant's deprivation of legal proceedings. In such instances, to prove "actual prejudice," a defendant need show only a reasonable probability that, but for counsel's ineffective assistance, he or she would have asserted the right to have the legal proceeding. *See Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)(defendant claiming ineffective assistance because counsel failed to consult with him about appeal must prove prejudice by showing that he would have timely appealed but for counsel's failure to consult with him); *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)(defendant claiming that counsel's bad advice caused him to plead guilty must establish prejudice by showing that he would have proceeded to trial but for counsel's advice).

■ Moreover, the *Strickland* prejudice test does not apply at all when an ineffective assistance of counsel claim arises because of the actual or constructive total denial of the assistance of counsel. In such cases, there is a legal presumption of prejudice. Thus, when a defendant is completely denied assistance of counsel during a critical stage of judicial proceedings, when the state interferes in various ways with counsel's assistance, or when certain types of conflicts of interest are present, prejudice is presumed simply upon a showing that the actual or constructive deprivation occurred. *See Strickland v. Washington, supra.*

■ Here, contrary to his assertions, defendant experienced neither a deprivation of a legal proceeding nor an actual or constructive total deprivation of assistance of counsel. Thus, defendant's trial proceedings must be afforded the usual strong presumption of reliability, and defendant must meet the "actual prejudice" requirement as defined in *Strickland* by showing a reasonable probability that the outcome of the case would have been different if counsel had not waived defendant's presence at the in camera hearing. Defendant has made no such showing.

The record reveals that, in finding defendant guilty, the jury could have relied on any or all of the following evidence presented at trial: One of defendant's friends testified that defendant had called her on the morning of the crime and had asked her to give him a ride. The friend picked up defendant and his codefendant from an auto body shop. During the ride, the two men told her about the attack, described it as a "job," showed her money and a ring they had taken from the victims, and described how they had hit one victim over the head with a bat and had hogtied another. The friend later contacted the police with this information.

Also, the friend's daughter, who had accompanied her mother to pick up the codefendants, testified that she had heard the two men explain how they had used bats as weapons, hogtied a victim, "took one of the trucks" from the company, and later "got rid of it."

In addition, an employee of the body shop testified that he had identified one of the codefendants from a photo lineup the police had shown him some time after the crime. The employee testified that he had recognized a man in the lineup as the man who had asked him for a cigarette while waiting for a ride.

Further, a forensic serologist, who was accepted by the court as an expert, testified that a bloodstain on the codefendant's shoe was consistent with a blood sample taken from one victim, but inconsistent with blood samples taken from the other victim and the two perpetrators.

Finally, when defendant was arrested, a knife belonging to one of the victims was found in defendant's pocket.

Notwithstanding the fact that the above evidence could lead a reasonable jury to convict defendant of the charges, a division of this court, on direct appeal, also considered

the above evidence, as well as the victim's surprise in-court identification, and concluded that the trial court's failure to suppress the testimony was not prejudicial because it "could not have substantially influenced the verdict or affected the fairness of the trial proceedings." *Robles I, supra.*

Thus, we need not consider defendant's contentions grounded in the Fifth and Fourteenth Amendments. Even if defendant had been present and his presence had somehow persuaded the court to suppress the identification, the absence of that "vague and cumulative" testimony still would not have allowed him to prevail at trial. Indeed, the record reflects that defendant may have benefited from the admission of the testimony in that it afforded his counsel the opportunity to damage the witness's credibility very effectively through cross-examination.

As a matter of law, defendant suffered no prejudice from his attorney's conduct. Therefore, we need not determine whether counsel's performance was deficient. *See People v. Naranjo, supra.*

The order is affirmed.

Judge VOGT concurs.

Judge GRAHAM specially concurs.

Judge GRAHAM specially concurring.

I agree with the conclusion and the analysis contained in Part II of the majority's opinion. I write separately, however, to express my view that defendant's motion for postconviction relief is time barred under § 16–5–402, C.R.S.2002.

Defendant first raised his claim of ineffective assistance of counsel nearly eleven years after trial and over four years after his conviction was final. In this period, defendant pursued a direct appeal, review of that appeal, and motions to reduce his sentence and a proportionality review of his sentences. He also has been afforded further appellate review of those matters.

Section 16–5–402 limits the time in which the validity of a conviction may be collaterally attacked to three years from the date of conviction. The three-year period began running June 25, 1991, the date this court issued its mandate at the conclusion of defendant's direct appeal. Although defendant was resentenced at the conclusion of his direct appeal, this circumstance did not toll or otherwise modify the limitations period. *See People v. Metcalf,* 979 P.2d 581 (Colo.App. 1999). One division of this court has already expressly ruled that resentencing does not modify the three-year period. *People v. Cummins,* 37 P.3d 507 (Colo.App.2001).

Thus, defendant's motion was time barred, and I see no reason to reach the merits of his ineffective assistance claim.