23CA1270 Peo v Coleman 10-31-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1270
Jefferson County District Court No. 15CR2510
Honorable Russell Klein, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

James Lovell Coleman,

Defendant-Appellant.

---

ORDER AFFIRMED

Division A
Opinion by CHIEF JUDGE ROMÁN
Martinez* and Taubman*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 31, 2024

---

Philip J. Weiser, Attorney General, Patrick A. Withers, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

James Coleman, Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Defendant, James Lovell Coleman, appeals the district court's order denying his Crim. P. 35(c) motion without a hearing.  We affirm.

I.    Background

¶ 2    Coleman pled guilty to attempted first degree murder in exchange for the dismissal of the remaining charges.  On December 9, 2016, the district court sentenced Coleman to forty-eight years in prison.  Coleman did not file a direct appeal; however, he filed a Crim. P. 35(b) motion to reconsider his sentence, which the court denied.

¶ 3    In September 2017, Coleman filed a Crim. P. 35(a) motion. The district court denied that motion, and a division of this court affirmed.  *People v. Coleman*, (Colo. App. No. 18CA0680, Apr. 30, 2020) (not published pursuant to C.A.R. 35(e)).  The mandate issued on June 29, 2020.

¶ 4    In June 2023, Coleman filed a pro se Crim. P. 35(c) motion asserting various claims of ineffective assistance of trial counsel. Acknowledging that his motion was untimely, Coleman asserted that (1) the time to file a Crim. P. 35(c) was tolled from the date he filed his Crim. P. 35(a) motion (September 15, 2017) until the

1

mandate issued following appeal of that motion (June 29, 2020); and (2) prison lockdowns and restricted access to the library and other inmates due to the COVID-19 pandemic provided additional justifiable excuse for the "period during which [he] should have filed his [Crim. P. 35(c)] motion" following the issuance of the mandate in his Crim. P. 35(a) proceedings.

¶ 5 The district court denied Coleman's motion. The court concluded that the motion was untimely, and that Coleman had not alleged sufficient justifiable excuse or excusable neglect to avoid its untimeliness.

## II. Discussion

¶ 6 Coleman contends that the district court erred by denying his motion without a hearing. Because we conclude that his motion is time barred, we perceive no reversible error.

### A. Standard of Review

¶ 7 We review de novo whether the facts alleged in a Crim. P. 35(c) motion, if true, would constitute justifiable excuse or excusable neglect pursuant to section 16-5-402(2)(d), C.R.S. 2024, to entitle a defendant to a hearing. *People v. Hinojos*, 2019 CO 60, ¶ 12.

## B.    Analysis

¶ 8    Section 16-5-402(1) provides that postconviction challenges to non-class 1 felony convictions must be brought within three years of the conviction becoming final.  Where, as here, a defendant does not directly appeal a conviction, the conviction is final on the date the defendant is sentenced.  *People v. Shepard*, 151 P.3d 580, 582 (Colo. App. 2006).  Therefore, Coleman's conviction became final on December 9, 2016, when the district court sentenced him, and he had until December 9, 2019, to file a Crim. P. 35(c) motion.  Coleman did not file his motion, however, until June 12, 2023, three and a half years too late.

¶ 9    Even so, the failure to file a Crim. P. 35(c) motion within the three-year limitations period does not bar the motion if a defendant proves that their "failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect."  § 16-5-402(2)(d).  The supreme court has identified six non-exclusive factors that may bear on the justifiable excuse or excusable neglect inquiry.  *See People v. Wiedemer*, 852 P.2d 424, 441-42 (Colo. 1993) (listing factors a court should consider).

¶ 10     It is the defendant's burden to allege and establish justifiable excuse or excusable neglect.  *People v. Abad*, 962 P.2d 290, 291 (Colo. App. 1997).  Because Coleman is pro se, we broadly construe his allegations to ensure he is not denied review simply because he does not articulate his claims like a lawyer would.  *People v. Bergerud*, 223 P.3d 686, 696-97 (Colo. 2010).  But in doing so, we may not rewrite his pleadings or act as an advocate on his behalf. *People v. Cali*, 2020 CO 20, ¶ 34.

¶ 11     Our review of Coleman's Crim. P. 35(c) motion reveals that Coleman failed to establish justifiable excuse or excusable neglect for its late filing.  First, Coleman asserts that the filing of his Crim. P. 35(a) motion "and its subsequent appeal tolled [the time to file his Crim. P. 35(c) motion] until June 29, 2020, minus 9 months." As we understand Coleman's argument, "minus 9 months" refers to the nine months from the date he was sentenced until the date he filed his Crim. P. 35(a) motion.  But because the section "16-5-402(1) limitation period is not tolled during the litigation of a postconviction relief motion," *People v. Clouse*, 74 P.3d 336, 339 (Colo. App. 2002), the litigation and appeal of Coleman's Crim. P.

35(a) motion cannot provide justifiable excuse for the failure to timely file his Crim. P. 35(c) motion.

¶ 12      Second, Coleman asserts that the COVID-19 pandemic kept him from filing his Crim. P. 35(c) motion due to lockdowns, library closures, and restrictions on "communicating with other inmates about the preparation of his pro se . . . motion." But because the timeframe to file his Crim. P. 35(c) motion was not tolled due to the litigation of his Crim. P. 35(a) motion, and the COVID-19 pandemic did not begin until three months after the deadline to file his Crim. P. 35(c) motion had already expired, the restrictions imposed on him as a result of the COVID-19 pandemic do not provide justifiable excuse or excusable neglect for the belated filing.

¶ 13      Accordingly, we conclude that Coleman has not alleged sufficient facts that, if true, would establish justifiable excuse or excusable neglect. Therefore, his Crim. P. 35(c) motion was untimely, and the district court properly denied it without a hearing. *See People v. Salinas*, 55 P.3d 268, 270 (Colo. App. 2002) (A district court may deny an untimely Crim. P. 35(c) motion without a hearing "if the defendant has failed to allege facts that, if true, would establish justifiable excuse or excusable neglect.").

¶ 14 Finally, to the extent Coleman raises new claims of justifiable excuse or excusable neglect in his brief on appeal, we will not consider them.[1] *See People v. Ortega*, 899 P.2d 236, 239 (Colo. App. 1994) (appellate courts will not consider factual allegations concerning justifiable excuse or excusable neglect for the first time on appeal); *see also Cali*, ¶ 34 ("[A]lthough we will broadly construe a pro se litigant's pleadings to effectuate the[ir] substance, rather than the[ir] form, . . . we will not consider issues not raised before the district court in a motion for postconviction relief.").

¶ 15 Having so concluded, we need not address the People's alternate contention that the district court properly denied Coleman's Crim. P. 35(c) motion because it violates Crim. P. 35(c)(3)(VII)'s rule against piecemeal litigation.

---

[1] Coleman asserts that (1) the three-year limitations period did not begin until the district court denied his Crim. P. 35(b) motion; (2) he relied on the holding in *Leyva v. People*, 184 P.3d 48, 50-51 (Colo. 2008), that when an illegal sentence is corrected, the three-year deadline to collaterally attack a conviction is renewed, and *Leyva* was abrogated by *Hunsaker v. People*, 2021 CO 83, when he did not have access to the law library due to the COVID-19 pandemic; and (3) the district court was without jurisdiction to address a Crim. P. 35(c) motion while his Crim. P. 35(a) motion was being litigated on appeal.

### III. Disposition

¶ 16    The order is affirmed.

JUSTICE MARTINEZ and JUDGE TAUBMAN concur.