25CA0524 Peo in Interest of SJW 08-14-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0524
City and County of Denver Juvenile Court No. 23JV30956
Honorable Elizabeth J. McCarthy, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of S.J.W., a Child,

and Concerning D.T.W.,

Appellant.

---

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE SULLIVAN
Tow and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 14, 2025

---

Katie McLoughlin, Acting City Attorney, Amy J. Packer, Assistant City Attorney, Denver, Colorado, for Appellee

Josi McCauley, Guardian Ad Litem

Michael Kovaka, Office of Respondent Parents' Counsel, Littleton, Colorado, for Appellant

¶ 1    D.T.W. (father) appeals the judgment terminating his parent-child legal relationship with S.J.W. (the child). We affirm.

## I. Background

¶ 2    The Denver Department of Human Services filed a petition in dependency or neglect alleging that the child was born affected by substance exposure. Father was arrested shortly after the child's birth and remained incarcerated for the duration of the case.

¶ 3    Father entered an admission, and the juvenile court adjudicated the child dependent or neglected and adopted a treatment plan for father. The treatment plan required father to (1) complete a substance abuse evaluation and recommended treatment; (2) cooperate with the Department; (3) participate in a parenting component that included family time, parenting education, and life skills services; (4) comply with the requirements of his criminal sentences and refrain from further criminal activity; and (5) complete a domestic violence evaluation and treatment. Four months after adoption of the treatment plan, the Department filed a termination motion.

¶ 4    The juvenile court issued a writ to allow father to appear in person at the termination hearing, but father refused to be

transported.  The court found that father voluntarily failed to appear.  After the hearing, the court granted the Department's termination motion.

## II.    Discussion

¶ 5     Father argues that he received ineffective assistance of counsel.  Because father hasn't sufficiently alleged a prima facie case of ineffective assistance of counsel, we discern no basis for a remand.

## A.    Applicable Law

¶ 6     A parent has a statutory right to counsel in a dependency and neglect proceeding.  § 19-3-202(1), C.R.S. 2024.  A parent's statutory right to counsel includes the right to the effective assistance of counsel.  *See A.R. v. D.R.*, 2020 CO 10, ¶ 47.

¶ 7     We employ the same test that we use to evaluate an ineffective assistance of counsel claim in a criminal case.  *See id.* at ¶¶ 48, 60 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).  Under this test, the parent must establish that (1) counsel's performance fell outside the wide range of professionally competent assistance and (2) the parent was prejudiced by counsel's deficient performance — that is, a reasonable probability exists that but for counsel's

unprofessional errors, the proceeding's outcome would have been different. *Id.* "If the parent fails to establish either prong of this test, the claim fails." *People in Interest of C.B.*, 2019 COA 168, ¶ 26.

¶ 8    An appellate court is required to remand for an evidentiary hearing if the parent's allegations are sufficiently specific and compelling to constitute a prima facie showing of ineffective assistance of counsel. *A.R.*, ¶ 63. But if the parent's allegations lack sufficient specificity, we may summarily deny the ineffective assistance claim. *Id.*; *see also People v. Duran*, 2015 COA 141, ¶ 9 (a court may summarily deny ineffective assistance claims if (1) the allegations are bare and conclusory; (2) the allegations, even if true, don't warrant relief; or (3) the record directly refutes the claim).

## B.    Analysis

¶ 9    Father alleges that his counsel was ineffective at the termination hearing because counsel made no opening statement, presented no evidence, didn't cross-examine any witnesses, made no objections, and delivered no closing argument. In short, father argues counsel failed to subject the Department's case to any "meaningful adversarial testing."

¶ 10    But even if we were to assume, without deciding, that counsel's performance fell below the range of professionally competent assistance, father hasn't shown that he was prejudiced by counsel's deficient performance.

¶ 11    The juvenile court found that father was incarcerated for most of the case and remained in the Department of Corrections (DOC) at the time of termination. The court also found that father hadn't complied with any of his treatment plan's requirements because of his incarceration. The court concluded that father was unfit and that his conduct or condition was unlikely to change within a reasonable amount of time. The record supports the court's findings.

¶ 12    The caseworker testified that evaluations, treatment, and family time options weren't available to father in prison. The caseworker attempted to contact father's case manager multiple times but experienced difficulty getting the DOC facility to cooperate. The caseworker was also unsuccessful in arranging family time or other services. And father didn't communicate with the caseworker, despite her writing to him regularly and providing prepaid return envelopes. The caseworker ultimately concluded

that father didn't comply with any of his treatment plan's requirements and that he couldn't become a fit parent within a reasonable time because he would be incarcerated for at least another six months.

¶ 13    Father doesn't explain what trial counsel could have done differently to change the case's outcome. He doesn't identify, for example, questions that counsel should have asked on cross-examination, evidence that counsel should have presented to rebut the caseworker's testimony, or arguments that counsel should have advanced to counter the evidence of his noncompliance with the treatment plan. *See People In Interest of T.M.S.*, 2019 COA 136, ¶ 63 (rejecting prejudice argument where parent failed to explain how testimony by witnesses that counsel should have called would have refuted the department's evidence).

¶ 14    Relying on *United States v. Cronic*, 466 U.S. 648, 659 (1984), and *People v. Robles*, 74 P.3d 437, 439 (Colo. App. 2003), father argues that the familiar *Strickland* prejudice test doesn't apply when an ineffective assistance of counsel claim arises from the total denial of the assistance of counsel. According to father, we should

instead "presume prejudice based on counsel's failure to subject the case to meaningful adversarial testing."

¶ 15    For two reasons, we decline to presume prejudice.  First, the supreme court in *A.R.* recognized that in a dependency and neglect proceeding, as in a criminal case, a court may sometimes presume prejudice if counsel "*entirely* fails to subject the prosecution's case to *meaningful* adversarial testing."  *A.R.*, ¶ 66 (quoting *Cronic*, 466 U.S. at 659)).  But "this presumption of prejudice applies only in relatively narrow circumstances, as, for example, when counsel was not made available, was prohibited by the trial court from participating in a critical aspect of the proceeding, or was acting under a conflict of interest."  *Id.*  This case doesn't fit any of these narrow circumstances.  Instead, father complains that his trial counsel failed to elicit mitigating evidence, make an opening statement, or deliver a closing argument — alleged errors that are of the "same ilk" as other errors that are subject to *Strickland*'s usual two-prong framework.  *Bell v. Cone*, 535 U.S. 685, 697 (2002).

¶ 16    Second, *A.R.* makes clear that the *Strickland* prejudice test applies in circumstances analogous to those in this case.  Indeed,

6

the example used by *A.R.* in adopting the *Strickland* standard applies with equal force here:

> By way of example, we can readily envision a case in which it is undisputed that (1) a child was adjudicated dependent or neglected because of a parent's severe and chronic drug addiction, unemployment, and homelessness and (2) by the time of the termination proceeding, the parent had made no effort to comply with his or her treatment plan and had remained homeless, unemployed, and addicted to drugs, with no prospect for any change in his or her condition in the foreseeable future. In such a case, counsel's conduct may have been deficient in several ways, but the application of the law to the undisputed facts would likely require termination of the parent's parental rights, despite counsel's conduct.

*A.R.,* ¶ 58. Accordingly, no presumption of prejudice is warranted.

¶ 17    Having declined to presume prejudice, father's allegations lack specificity to demonstrate prejudice. As a result, he hasn't made a prima facie showing of ineffective assistance of counsel. *See id.* at ¶ 63 ("If the parent's allegations lack sufficient specificity, then the ineffective assistance of counsel claim may be summarily denied."). Consequently, father has failed to show a reasonable probability that the result of the proceeding would have been different.

Father's claim therefore fails to satisfy *Strickland*'s second prong. *Id.*

### III. Disposition

¶ 18    We affirm the judgment.

JUDGE TOW and JUDGE YUN concur.