24CA1504 Peo v Vasquez 08-21-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1504
Arapahoe County District Court No. 15CR2375
Honorable Shay K. Whitaker, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Brian Vasquez,

Defendant-Appellant.

ORDER AFFIRMED

Division IV
Opinion by JUDGE GOMEZ
Freyre and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 21, 2025

Philip J. Weiser, Attorney General, Cata Cuneo, Assistant Attorney General,
Denver, Colorado, for Plaintiff-Appellee

Brian Vasquez, Pro Se

¶ 1     Defendant, Brian Vasquez, appeals the postconviction court's order denying his Crim. P. 35(c) motion. We affirm.

¶ 2     After being charged with thirty-seven sex-related crimes against five children, Vasquez pleaded guilty to six felonies and agreed to an aggregate sentence of forty years to life in the custody of the Department of Corrections (DOC). In 2018, the district court imposed the agreed-upon sentence. Vasquez did not appeal.

¶ 3     In 2024, Vasquez filed the Crim. P. 35(c) motion at issue here, asserting that he received ineffective assistance of counsel during the plea process. Specifically, he alleged that defense counsel's performance was deficient because counsel had (1) misadvised him that he would be eligible for parole in fifteen years, when the law actually requires that he serve seventy-five percent of his indeterminate sentence before becoming eligible for parole; and (2) failed to seek a waiver of surcharges, fees, and costs, even though Vasquez was indigent. The postconviction court summarily denied the motion as untimely, concluding that Vasquez had failed to allege facts that would entitle him to a hearing on whether he had asserted a valid exception to the three-year time bar. We agree with the postconviction court.

¶ 4    A timely Crim. P. 35(c) motion must be filed within three years of a defendant's conviction for a non-class 1 felony offense.  *See* § 16-5-402(1), C.R.S. 2024; Crim. P. 35(c)(3)(I).  When, as in this case, the defendant doesn't directly appeal, the conviction "occurs when the trial court enters judgment and sentence is imposed." *People v. Collier*, 151 P.3d 668, 671 (Colo. App. 2006).  Because Vasquez filed his postconviction motion nearly six years after his conviction, it is time barred unless, as relevant here, his "failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect."  § 16-5-402(2)(d).  It is the defendant's burden to allege facts that, if proven, would establish justifiable excuse or excusable neglect.  *People v. Abad*, 962 P.2d 290, 291 (Colo. App. 1997).

¶ 5    Vasquez alleged that he failed to timely seek relief because he first learned of his parole eligibility date (PED) in 2024, when his case manager incidentally shared that information.  We review de novo whether this fact, if true, could constitute justifiable excuse

or excusable neglect for Vasquez's untimely filing. *See People v. Hinojos*, 2019 CO 60, ¶ 12.[1]

¶ 6    We agree with the postconviction court that Vasquez's failure to ascertain his PED before 2024 does not excuse his late filing. Recent discovery of a legal basis for a collateral attack doesn't constitute excusable neglect, absent "some unavoidable hindrance that would cause a reasonably prudent person to neglect" pursuit of collateral relief. *People v. Slusher*, 43 P.3d 647, 651 (Colo. App. 2001); *see also People v. McPherson*, 53 P.3d 679, 682 (Colo. App. 2001) ("[A] defendant's indigence, ignorance of the law, and lack of legal counsel do not amount to justifiable excuse or excusable neglect for an untimely filed collateral attack."). Vasquez didn't allege that any unavoidable hindrance prevented knowledge of his PED. Moreover, as recognized by the postconviction court, such knowledge is readily available by various means, including by

---

[1] Vasquez alleges additional facts in his opening brief, but we don't address those allegations because they weren't presented to the postconviction court. *See People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996) ("Allegations not raised in a Crim. P. 35(c) motion . . . and thus not ruled on by the trial court are not properly before this court for review."); *see also People v. Rodriguez*, 914 P.2d 230, 251 (Colo. 1996) (rejecting a defendant's attempt to "fortify" some of his postconviction claims by further developing them on appeal).

anyone accessing the DOC's public inmate locator database, which shows inmates' estimated PEDs. *See People in Interest of T.M.*, 240 P.3d 542, 545 n.1 (Colo. App. 2010) (taking judicial notice of information contained in the DOC's database).

¶ 7 Because Vasquez's Crim. P. 35(c) motion wasn't filed within three years of his conviction and didn't allege sufficient facts that, if true, could constitute justifiable excuse or excusable neglect for his late filing, we conclude that the postconviction court properly denied the motion without a hearing. *See People v. White*, 981 P.2d 624, 626 (Colo. App. 1998).

¶ 8 The order is affirmed.

JUDGE FREYRE and JUDGE MEIRINK concur.