The **PEOPLE of the State of Colorado,** Plaintiff–Appellee,

v.

Jennifer **REALI, Defendant–Appellant.**

No. 96CA0806.

Colorado Court of Appeals, Div. III.

Aug. 7, 1997.

Rehearing Denied Sept. 4, 1997.

Certiorari Denied Feb. 2, 1998.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Roger G. Billotte, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Elvin L. Gentry, P.C., Elvin L. Gentry, Marla Prudek, Colorado Springs, for Defendant–Appellant.

Opinion by Chief Judge STERNBERG.

This is an appeal by defendant, Jennifer Reali, from an order denying her motion for postconviction relief. Her principal contentions on appeal are that the trial court erred in not granting a hearing on the motion and that Colorado's use immunity statute is unconstitutional. We affirm.

Defendant conspired with a co-defendant, Brian Hood, to murder Hood's wife. She confessed to the crime and agreed to cooperate in the prosecution of Hood for his part in the killing. As part of the agreement, she testified before a grand jury and at Hood's trial pursuant to a grant of use immunity for her testimony. The same investigators and prosecutors who presented her testimony against Hood later presented the People's case against defendant.

Defendant was convicted of first degree murder and conspiracy to commit murder, and was sentenced to life imprisonment. Her convictions were affirmed on direct appeal. *People v. Reali,* 895 P.2d 161 (Colo. App.1994).

Thereafter, defendant moved for postconviction relief pursuant to Crim. P. 35(c). The trial court denied the motion without a hearing, ruling that the motion stated claims which had already been resolved on direct appeal, and that, to the extent the constitutionality argument was properly before the court, the issue was a matter of law, and thus no evidentiary hearing was necessary. This appeal followed.

## I.

◼ Defendant asserts that the prosecution misused immunized testimony she gave during the course of criminal proceedings against Hood. Specifically, defendant argues that she was entitled to an evidentiary hearing on her motion because violation of her use immunity and attorney-client privilege were not fully and finally litigated in the appellate courts. We do not agree.

◼ A defendant may not use a proceeding under Crim. P. 35 to relitigate issues that were fully and finally resolved in an earlier appeal. *People v. Johnson,* 638 P.2d 61 (Colo.1981). An argument raised under Crim. P. 35 which does not precisely duplicate an issue raised on appeal may nevertheless be precluded if review of that issue would be nothing more than a second appeal on some recently contrived constitutional theory. *People v. Rodriguez,* 914 P.2d 230 (Colo.1996).

*Kastigar v. United States,* 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972) holds that, if a defendant has testified under a grant of statutory immunity, the prosecution has the burden of proving any evidence it intends to use against defendant is derived from a legitimate source independent of the immunized statement. The main thrust of defendant's argument here is that a hearing must be held to determine whether the prosecution can meet its burden.

We agree that no hearing specifically designated as a *"Kastigar* hearing" was held. Nevertheless, we conclude that the trial court did conduct the functional equivalent of such hearing.

Before trial, defendant moved to dismiss the charges, raising, among other issues, violation of use immunity, Fifth Amendment privilege, and due process rights. A lengthy evidentiary hearing was held on the motions, during which several witnesses, including a deputy district attorney and the district attorney, testified. Additionally, police reports and relevant affidavits were accepted into evidence.

In ruling on the motions, the trial court correctly noted that the prosecution had the burden of proving there was an independent legitimate source for the evidence. The court based its ruling on its reading of the grand jury transcript and on testimony it had heard during a hearing on defendant's request for release on bond and during the sanity trial. Only then did the court state: "I don't find that a pretrial *Kastigar* hearing would really be required in this case."

Placed in proper context, this statement reflects the court's view that everything that could have been brought out in a *Kastigar* hearing had already been presented in the hearing on the motion to dismiss, and that for it to order another hearing, denominated as a *"Kastigar* hearing," would have been unnecessarily duplicative. We agree with that assessment of the situation.

Our conclusion is buttressed by the fact that, at the pretrial motions hearing, defense counsel declined to present any other witnesses regarding the use of immunized testimony in spite of a specific inquiry by the trial

court. And, the trial court informed defense counsel that it would conduct an *in camera* hearing if defense counsel raised any objection at trial to presentation of evidence based on immunized testimony. No such objection was made.

Consequently, we agree with the trial court that the issues raised were specifically addressed and resolved; thus, there was no error in not reconsidering them at the Crim. P. 35(c) hearing.

## II.

■ In her Crim. P. 35(c) motion, defendant also contended that Colorado's use immunity statute, as applied in this case, violated her constitutional rights under the Fifth Amendment and, in this appeal, further argues that her rights were violated under Colo. Const. art. II, § 18. Contrary to defendant's argument, on direct appeal in *People v. Reali, supra,* the division by implication determined that the statute was constitutional. Nevertheless, because defendant has directly raised the issue here, we revisit it.

Section 13–90–118, C.R.S. (1987 Repl.Vol. 6A) provides, in pertinent part:

> Whenever a witness refuses, on the basis of his privilege against self-incrimination, to testify or provide other information in a proceeding ... the witness may not refuse to comply with [a lawful order to testify or provide information] on the basis of his privilege against self-incrimination, except that no testimony or other information compelled under the order, or any information directly or indirectly derived from such testimony or other information, may be used against the witness in any criminal case, except a prosecution for perjury or false statement or otherwise failing to comply with the order.

A statute that authorizes the compulsion of testimony under a grant of use immunity does not violate the witness' Fifth Amendment privilege if it proscribes any use of both the compelled testimony and any information derived therefrom. *Kastigar v. United States, supra.* In a case interpreting *Kastigar,* our supreme court determined that prosecutors' "extensive exposure" to a defendant's immunized testimony made it "highly

improbable that the prosecution did not make some use of the testimony." *People v. Casselman,* 196 Colo. 304, 307, 583 P.2d 933, 935 (1978) (citing *United States v. McDaniel,* 482 F.2d 305 (8th Cir.1973)).

On direct appeal here, the division recognized this broad interpretation and determined that the *Casselman* decision was not dispositive. Noting that defendant made a detailed, non-immunized statement describing her part in the murder before giving any ' immunized testimony, the division held that, because it did not contribute to her conviction, the prosecution's possible use of the information contained in defendant's immunized testimony was harmless error. *People v. Reali, supra. See also Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *People v. Naranjo,* 840 P.2d 319 (Colo.1992). Further, while the record revealed that prosecutors and their investigators had full access to defendant's immunized testimony, it also affirmatively established that there was no direct or indirect evidentiary use made of that testimony. Under these circumstances, we agree with the division on direct appeal that the prosecutors' mere knowledge of defendant's immunized testimony here did not result in any prejudice to her. Thus, we find no constitutional violation.

■ Furthermore, the trial court was not required to hold an evidentiary hearing on this issue alone. Crim P. 35(c)(3) provides: "Unless the motion and the files and record of the case show ... that the prisoner is not entitled to relief," the court must grant a prompt hearing. Here, the record of the case contained ample evidence regarding the manner in which the use immunity statute had been applied to defendant, as the issue was addressed at trial and on direct appeal. *See People v. Reali, supra.* Also, the trial court was intimately familiar with the record, having presided over the original trial, and the issue was fully briefed by the parties. Hence, an evidentiary hearing would have served no useful purpose, and the trial court properly declined to grant one.

## III.

■ Defendant also asserts that the trial court abused its discretion in not granting her requests for *in camera* inspection of the

district attorney's files and to disqualify the district attorney's office from participating in the litigation of her Crim. P. 35(c) motion. We disagree.

Defendant asserts that *in camera* inspection of the district attorney's files was necessary for defendant effectively to cross-examine the prosecutors and their witnesses. As noted above, no evidentiary hearing was necessary here; thus, this argument fails.

To the extent that defendant argues that inspection of the files would reveal evidence of the direct use of her immunized testimony at trial, the argument was considered and resolved on direct appeal.

In cases in which the district attorney's involvement in a defendant's case would impair that office's ability to prosecute the case fairly, § 20–1–107, C.R.S. (1986 Repl.Vol. 8B) gives the court the discretion to appoint a special prosecutor. *People ex rel. Sandstrom v. District Court*, 884 P.2d 707 (Colo. 1994). For example, if a district attorney is a material witness in the case, disqualification is proper. *Pease v. District Court*, 708 P.2d 800 (Colo.1985). Here, however, because no evidentiary hearing was necessary, concern over the testimony of the district attorney did not exist.

■ Whether an appearance of impropriety exists and, if so, what the appropriate remedy should be are questions committed to the trial court's broad discretion. *People v. County Court*, 854 P.2d 1341 (Colo.App.1992). We perceive no abuse of that discretion here. Again, the record revealed that defendant suffered no prejudice as a result of the prosecutors' mere knowledge of her immunized testimony; thus, the trial court acted within its broad discretion in refusing to grant relief under Crim. P. 35(c).

The order is affirmed.

CASEBOLT, J., and KIRSHBAUM,* Justice, concur.