The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Sharon Lee GARDNER, Defendant–Appellant.

No. 01CA0282.

Colorado Court of Appeals, Div. III.

April 11, 2002.

Ken Salazar, Attorney General, Cynthia A. Greenfield, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge ROY.

Defendant, Sharon Lee Gardner, appeals the trial court order denying her Crim. P. 35 motion for postconviction relief. We affirm.

Defendant was convicted after a jury trial of retaliation against a witness, a class three felony, and third degree assault, a class one misdemeanor. Because defendant was on probation for felony income tax evasion at the time of these offenses, the trial court was required to sentence her to a term of at least the midpoint in the presumptive range for the class three felony under § 18–1–105(9)(a)(III), C.R.S.2001. The presumptive range for a class three felony is between four and sixteen years in the Department of Corrections (DOC) under § 18–1–105(1)(a)(IV), C.R.S.2001, with a midpoint of ten years. Defendant therefore was sentenced to ten years in DOC, the mandatory minimum for her offense under the relevant sentencing statutes.

A division of this court affirmed defendant's convictions on direct appeal. *People v. Gardner*, 919 P.2d 850 (Colo.App.1995). The mandate issued on July 24, 1996.

On January 2, 2001, defendant filed a pro se motion in the trial court to correct her allegedly illegal aggravated sentence. In this motion, defendant argued that the recent decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), required that her sentence be set aside because the jury did not determine beyond a reasonable doubt that she was on probation when these offenses were committed.

In the trial court, defendant relied on Crim. P. 35(a), arguing that the trial court could correct an illegal sentence at any time. She also relied on Crim. P. 35(c), alleging that justifiable excuse or excusable neglect existed for the late filing of her motion because *Apprendi* constituted a "recent change in a pertinent legal standard."

The trial court denied the motion, concluding that *Apprendi* was inapplicable. This appeal followed.

I.

As a preliminary matter, we note that defendant cited both Crim. P. 35(a) and (c) in her motion to the trial court. On appeal, the People argue that defendant's claims under Crim. P. 35(c) are time-barred by § 16–5–402, C.R.S.2001. We may consider this argument. *See* § 16–5–402(1.5), C.R.S.2001 (appellate court may deny relief on a Crim. P. 35(c) motion if it can determine from the record that a collateral attack is untimely).

Defendant's motion is cognizable under Crim. P. 35(c) and therefore is subject to the limitations of § 16–5–402. *See People v. Green*, 36 P.3d 125 (Colo.App.2001)(challenge to manner in which guilty plea was taken determined to be a constitutional challenge properly brought under Crim. P. 35(c)); *see also* Crim. P. 35(c)(2)(I) (allowing postconviction relief if sentence was imposed "in violation of the Constitution or laws of the United States or the constitution or laws of this state").

■ The timeliness issue was not presented in the trial court, but § 16–5–402(1.5), C.R.S.2001, gives us discretion to deny relief on appeal on that ground nonetheless. However, because defendant's motion is premised on recent authority of constitutional magnitude and because the statute gives us discretion, we choose to address defendant's motion on its merits. *See People v. Kilgore*, 992 P.2d 661 (Colo.App.1999)(electing to address merits of Crim. P. 35(c) motion despite its

untimeliness); *see also People v. Chambers,* 900 P.2d 1249 (Colo.App.1994).

## II.

Defendant contends that § 18–1– 105(9)(a)(III) is unconstitutional as applied to her because it denies her due process of law pursuant to the rationale of *Apprendi v. New Jersey, supra.* She specifically argues that the allegation that she was on probation at the time of the offenses here should have been submitted to the jury. We disagree.

Section 18–1–105(9)(a), as pertinent here, provides:

> The presence of any one or more of the following extraordinary aggravating circumstances shall require the court, if it sentences the defendant to incarceration, to sentence the defendant to a term of at least the midpoint in the presumptive range but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony:
>
> . . .
>
> (III) The defendant was on probation . . . for another felony at the time of the commission of the felony. . . .

This statute increases both the minimum and maximum sentences in the presumptive range and makes a sentence of at least the increased minimum sentence mandatory.

Here, the presentence report indicated that defendant was not a candidate for DOC and recommended probation. However, defendant was not eligible for probation because she was subject to a pending charge in another case then scheduled for trial and because she had one previous felony conviction and the present offense is a class three felony. *See* § 16–11–201(2), C.R.S.2001. It is clear that the trial court sentenced defendant to the minimum required by the statute without any consideration of a greater sentence. It is also clear that defendant's probationary status at the time of the offenses dictated that, at a minimum, she receive the ten-year sentence ultimately imposed.

Defendant's ten-year sentence fell within the original presumptive range, between four and sixteen years in the DOC, as provided by § 18–1–105(1)(a)(IV), and that sentence could

have been imposed even if § 18–1– 105(9)(a)(III) were not applicable. *See People v. Allen,* 43 P.3d 689 (Colo.App.2001).

▮ Therefore, the issue here is limited to whether *Apprendi* applies to the portion of § 18–1–105(9)(a)(III) that increases the minimum sentence to a point within the original presumptive range. We need not address here the portion of the statute that increases the maximum sentence beyond the presumptive range.

In *Apprendi* the Supreme Court determined that any fact, other than the fact of a prior conviction, that increases the maximum penalty for a crime beyond the prescribed statutory maximum for that crime must be submitted to the jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey, supra,* 530 U.S. at 490, 120 S.Ct. at 2362–63, 147 L.Ed.2d at 455; *see also People v. Martinez,* 32 P.3d 520, 530 (Colo.App.2001)(defendant must be given notice of any fact, other than the fact of a prior conviction, that may increase the maximum penalty, and jury must determine whether such fact was proved beyond a reasonable doubt).

The Supreme Court determined in *Apprendi* that a New Jersey statute that allowed an increase in a sentence based upon a judge's determination by a preponderance of the evidence that the offense constituted a hate crime violated the petitioner's right to due process and a trial by jury. The Court stated:

> If a defendant faces punishment beyond that provided by statute when an offense is committed under certain circumstances but not others, it is obvious that both the loss of liberty and the stigma attaching to the offense are heightened; it necessarily follows that the defendant should not—at the moment the State is put to proof of those circumstances—be deprived of protections that have, until that point, unquestionably attached.

*Apprendi v. New Jersey, supra,* 530 U.S. at 484, 120 S.Ct. at 2359, 147 L.Ed.2d at 451. The Court also stated that, with the exception of prior convictions, "[i]t is unconstitu-

tional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed." *Apprendi v. New Jersey, supra,* 530 U.S. at 490, 120 S.Ct. at 2363, 147 L.Ed.2d at 455 (quoting *Jones v. United States,* 526 U.S. 227, 252, 119 S.Ct. 1215, 1228, 143 L.Ed.2d 311, 332 (1999)(Stevens, J., concurring)).

Post-*Apprendi* courts have reached differing conclusions as to whether a judge-determined fact that mandates an increased minimum sentence is unconstitutional. Some courts have held that the aggravating fact must be proved beyond a reasonable doubt to the jury when the only impact of the aggravator is to increase the minimum sentence. *See, e.g., United States v. Ramirez,* 242 F.3d 348, 351–52 (6th Cir.2001)(holding that, in light of *Apprendi,* "[a]ggravating factors ... that increase the penalty from a nonmandatory minimum sentence to a mandatory minimum sentence, or from a lesser to a greater minimum sentence, are now elements of the crime to be charged and proved"); *United States v. Guevara,* 277 F.3d 111 (2d Cir.2001)(applying *Apprendi* where fact found by judge resulted in mandatory minimum that exceeded top of the sentencing guideline range).

In *State v. Johnson,* 166 N.J. 523, 766 A.2d 1126 (2001), the New Jersey Supreme Court adopted the reasoning of Justice Thomas' concurrence in *Apprendi.* There, Justice Thomas indicated that he would apply the principles of *Apprendi* to every aggravating circumstance:

> [A] "crime" includes every fact that is by law a basis for imposing or increasing punishment (in contrast with a fact that mitigates punishment). Thus, if the legislature defines some core crime and then provides for increasing the punishment of that crime upon a finding of some aggravating fact—of whatever sort, including the fact of a prior conviction—the core crime and the aggravating fact together constitute an aggravated crime .... The aggravating fact is an element of the aggravated crime .... One need only look to the kind,

degree, or range of punishment to which the prosecution is by law entitled for a given set of facts. Each fact necessary for that entitlement is an element.

*Apprendi v. New Jersey, supra,* 530 U.S. at 501, 120 S.Ct. at 2368–69, 147 L.Ed.2d at 461–62 (Thomas, J., concurring).

Other courts have reached the opposite conclusion, holding that *Apprendi* does not apply to mandatory minimum sentences. *See, e.g., United States v. Rodgers,* 245 F.3d 961 (7th Cir.2001) (*cert.pending* ); *United States v. Harris,* 243 F.3d 806 (4th Cir.2001), *cert. granted* —— U.S. ——, 122 S.Ct. 663, 151 L.Ed.2d 578 (2001); *United States v. Robinson,* 241 F.3d 115 (1st Cir.2001) *cert. denied,* —— U.S. ——, 122 S.Ct. 130, 151 L.Ed.2d 84 (2001); *United States v. Garcia–Sanchez,* 238 F.3d 1200 (9th Cir.2001); *United States v. Keith,* 230 F.3d 784 (5th Cir. 2000); *United States v. Aguayo–Delgado,* 220 F.3d 926 (8th Cir.2000), *cert. denied,* 531 U.S. 1026, 121 S.Ct. 600, 148 L.Ed.2d 513 (2000).

These latter cases, for the most part, rely on *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). In *McMillan,* a divided Supreme Court rejected a due process challenge to a Pennsylvania statute that imposed a mandatory minimum sentence upon the sentencing judge's finding by a preponderance of the evidence that the defendant "visibly possessed a firearm" in committing an offense.

The *Apprendi* majority, while not overruling *McMillan,* limited it to cases not involving a sentence more severe than the statutory maximum for the offense of conviction. The Court reserved the question of whether stare decisis considerations precluded reconsideration of this narrower holding. *See Apprendi v. New Jersey, supra,* 530 U.S. at 487 n. 13, 120 S.Ct. at 2361, 147 L.Ed.2d at 453.

The Supreme Court has agreed to review *United States v. Harris, supra,* and the decision to review is pending in *United States v. Rodgers, supra.* In both cases the circuit courts relied on *McMillan.* Thus, the con-

tinued viability of *McMillan* may be resolved in one or both of these cases.

However, under Colorado jurisprudence, divisions of this court have relied on the continued, albeit limited, validity of *McMillan,* post-*Apprendi.* Thus, in *People v. Clifton,* —— P.3d —— (Colo.App. No. 00CA0977, Dec. 20, 2001), a division of this court, relying in part on *McMillan,* held that *Apprendi* applies only when the statute mandates an increase in the maximum sentence and is not implicated in mandatory consecutive sentences for crimes of violence, each sentence being within the initial presumptive range for the offense. Further, in *People v. Allen, supra,* a division of this court held that *Apprendi* was not implicated by Colorado's sentencing scheme, which permits discretionary sentencing in an aggravated range based on unenumerated extraordinary aggravating circumstances, reasoning that a defendant was subject to such discretionary enhanced sentencing upon conviction of the offense charged.

Therefore, we conclude that § 18–1–105(9)(a)(III) is not unconstitutional as applied here and that the trial court did not err in denying defendant's postconviction motion.

Defendant also raises arguments in her appellate briefs that were not raised in her Crim. P. 35 motion in the trial court. We will not consider these arguments for the first time on appeal. *See People v. Cagle,* 751 P.2d 614 (Colo.1988); *People v. Boyd,* 30 P.3d 819 (Colo.App.2001).

The order is affirmed.

Judge NEY and Judge DAILEY concur.