**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Hector R. SALINAS, Defendant–Appellant.**

No. 01CA0972.

Colorado Court of Appeals, Division II.

Aug. 15, 2002.

Ken Salazar, Attorney General, Roger G. Billotte, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Hector R. Salinas, Pro Se.

Opinion by Judge TAUBMAN.

Defendant, Hector R. Salinas, appeals the trial court's order denying his Crim. P. 35 motion seeking postconviction relief. We affirm.

In 1995, defendant pleaded guilty to sexual assault on a child committed as part of a pattern of sexual abuse, a class three felony. This offense carries a maximum presumptive range sentence of sixteen years or, upon a finding of extraordinary aggravating circumstances, a maximum aggravated range sentence of thirty-two years. Sections 18–1–105(1)(a)(V)(A), (6), (9.7)(a), (9.7)(b)(IV) & 18–3–405(3), C.R.S.2001. The trial court imposed a maximum aggravated range sentence of thirty-two years.

In 2001, defendant filed this motion alleging that his guilty plea was not entered knowingly, voluntarily, and intelligently because his counsel had provided ineffective assistance. In addition, defendant alleged

that the aggravated range sentence imposed by the court was unlawful under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The trial court denied defendant's motion without conducting an evidentiary hearing or appointing counsel. This appeal followed.

## I.

Defendant first argues that he was entitled to an evidentiary hearing on his challenge to the validity of his guilty plea. We disagree.

■ Although defendant captioned his postconviction motion as one brought under Crim. P. 35(a), claims attacking the validity of a guilty plea must be brought under Crim. P. 35(c). *See People v. Green,* 36 P.3d 125 (Colo.App.2001). Accordingly, we analyze these claims under Crim. P. 35(c). *See People v. Gardner,* 55 P.3d 231, 2002 WL 538883 (Colo.App. No. 01CA0282, Apr. 11, 2002).

On appeal, the People assert, as they did in the trial court, that defendant's claims attacking the validity of his plea are time barred. We may consider this argument even though the trial court did not. *See* § 16–5–402(1.5), C.R.S.2001 (appellate court may deny relief on a Crim. P. 35(c) motion if it can determine from the record that a collateral attack is untimely); *People v. Gardner, supra.*

■ Claims under Crim. P. 35(c) are subject to the time bar of § 16–5–402, C.R.S. 2001. Section 16–5–402 provides, as relevant here, that a defendant has three years from the date of his conviction in which to commence a collateral attack. If a defendant's motion for postconviction relief is untimely under § 16–5–402, then the trial court may deny the motion without conducting a hearing if the defendant has failed to allege facts that, if true, would establish justifiable excuse or excusable neglect. *People v. White,* 981 P.2d 624 (Colo.App.1998).

■ Although defendant's motion does not explain why he did not attack the validity of his plea before the limitations period expired in 1998, he asserts, without specificity, in his reply brief that there was "justifiable excuse

or excusable neglect" for the late filing of his motion. This general assertion of justifiable excuse or excusable neglect is insufficient. Under these circumstances, we conclude these claims are time barred. *Cf. People v. Green, supra* (after reviewing court construed motion brought under Crim. P. 35(a) as one brought under Crim. P. 35(c), case remanded to afford defendant an opportunity to allege justifiable excuse or excusable neglect as exception to time bar).

■ We do not address defendant's claim challenging the constitutionality of § 16–5–402. Although defendant raised this claim in his reply brief, he did not raise it in the trial court or in his opening brief. *See People v. Czemerynski,* 786 P.2d 1100, 1107 (Colo.1990)(issues not raised in an appellant's opening brief will not be considered when raised for the first time in the reply brief); *People v. Cagle,* 751 P.2d 614, 619 (Colo. 1988)(it is axiomatic that an appellate court will not consider constitutional issues not raised in the trial court); *People v. Shepherd,* 43 P.3d 693 (Colo.App.2001)(in *Apprendi* challenge, court declines to consider constitutional challenges to statutes raised for the first time on appeal).

## II.

■ Defendant next argues that he was entitled to an evidentiary hearing on his claim challenging his sentence. Again, we disagree.

Because the trial court addressed the merits of this claim, we elect to do so as well. *See People v. Gardner, supra* (exercising discretion under § 16–5–402(1.5) to address the merits of defendant's claim because the claim was based on *Apprendi v. New Jersey, supra,* a recent authority of constitutional magnitude).

In *Apprendi,* the Supreme Court held that due process is violated when a defendant receives a sentence greater than that to which he or she was exposed by the jury's verdict without the requisite sentence enhancing factor or factors, other than prior convictions, having been found by the jury beyond a reasonable doubt.

In *People v. Allen,* 43 P.3d 689 (Colo.App. 2001), a division of this court concluded that *Apprendi* did not prevent a trial court from imposing a discretionary aggravated range sentence under § 18–1–105(6) because the defendant was exposed to such a sentence when he was charged with the substantive offense. The division distinguished *Apprendi,* explaining that there the sentence imposed was beyond that provided for the offense by statute and was based on a wholly separate fact or element that was not charged and not submitted to the jury.

The defendant in *People v. Allen, supra,* unlike defendant here, was convicted at trial. However, in our view, the reasoning of that decision should apply with equal force where the defendant has pleaded guilty. In both cases, the defendant was exposed to an aggravated range sentence under the charge for which he was convicted. *See United States v. Sapia,* 2002 WL 620483 (S.D.N.Y. No. 02 Civ. 649 Apr. 18, 2002)(*Apprendi* not applicable when defendant pleaded guilty to drug offense, trial court determined drug quantity involved, and defendant's sentence was less than statutory maximum penalty under crime charged in indictment); *People v. Munkus,* — P.3d —, 2002 WL 1879179 (Colo.App. No. 01CA1385, August 15, 2002)(*Apprendi* inapplicable when defendant sentenced within applicable statutory range following plea agreement, which constituted admission beyond a reasonable doubt to elements of the count charged).

Accordingly, we conclude *People v. Allen, supra,* is persuasive with respect to defendant's *Apprendi* claim, and we uphold the trial court's ruling denying relief without conducting an evidentiary hearing. *See People v. Hartkemeyer,* 843 P.2d 92, 93 (Colo. App.1992)(a motion under Crim. P. 35(c) may be dismissed without a hearing if the motion, the files, and the record clearly establish as a matter of law that the defendant is not entitled to relief).

■ Finally, because we have concluded that defendant was not entitled to an evidentiary hearing on any of his claims, we also conclude he was not entitled to appointed counsel. *See People v. Brack,* 796 P.2d 49, 50 (Colo.App.1990).

The order is affirmed.

Judge DAILEY and Judge STERNBERG [1] concur.