The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Lorenzo Arno ALEXANDER, Defendant–Appellant.

No. 04CA0437.

Colorado Court of Appeals, Div. III.

July 14, 2005.

Certiorari Denied March 13, 2006.

John W. Suthers, Attorney General, Roger G. Billotte, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Lorenzo Arno Alexander, Pro Se.

CARPARELLI, J.

Defendant, Lorenzo Arno Alexander, appeals the trial court's orders denying three motions for relief from three criminal convictions and sentences. We affirm.

## I. Facts and Proceedings

Defendant's convictions and sentences arose from his robbery of a dry cleaner, a leather store, and an ice cream store during a two-month period in 1995.

### A. Dry Cleaner Robbery

On April 1, 1995, defendant and a woman entered a dry cleaning store. After inquiring about the cost of cleaning a coat, defendant ordered the store clerk to give him all the money in the cash register. After taking the money, defendant walked the clerk to the back of the store and ordered him into the bathroom.

Following a jury trial, defendant was convicted of second degree kidnapping, conspiracy to commit second degree kidnapping, aggravated robbery, and conspiracy to commit aggravated robbery. Defendant was sentenced to consecutive terms of twenty-five years in the Department of Corrections (DOC) for the kidnapping charge, ten years for the two merged conspiracy charges, and ten years for the aggravated robbery charge.

Defendant appealed, and a division of this court affirmed the judgment and sentence. *People v. Alexander,* (Colo.App. No. 96CA1622, Feb. 12, 1998)(not published pursuant to C.A.R. 35(f)). Defendant's subsequent petition for certiorari was denied, and the mandate issued on October 16, 1998.

### B. Leather Store Robbery

On May 20, 1995, defendant and a woman entered a retail leather store. After inquiring about putting two leather coats on layaway, defendant produced a handgun and ordered the clerk to give him all the money in the cash register. After taking the money, defendant walked the clerk to the back of the store and ordered him into the bathroom.

Following a jury trial, defendant was convicted of false imprisonment, aggravated robbery, and conspiracy to commit aggravated robbery. Defendant was sentenced to concurrent terms of one year in the DOC for the false imprisonment charge and twenty-five years for the aggravated robbery charge, and a consecutive term of five years for the conspiracy charge. In addition, defendant's sentence in the leather store case was to run consecutively to his sentence in the dry cleaner case.

Defendant appealed, and a division of this court affirmed the judgment and sentence. *People v. Alexander,* (Colo.App. No. 96CA1621, Feb. 12, 1998)(not published pursuant to C.A.R. 35(f)). Defendant's petition for certiorari was denied, and the mandate issued on October 16, 1998.

### C. Ice Cream Store Robbery

On May 17, 1995, defendant entered an ice cream store, took a pint of ice cream out of the cooler, placed it on the counter, and handed the clerk a dollar bill. As the clerk opened the register, defendant pulled out a gun and ordered the clerk to leave the drawer open. Defendant then jumped over the counter, took money from the register, and left the store.

Following a jury trial, defendant was convicted of aggravated robbery. In addition, the jury concluded that defendant had used or possessed and had threatened the use of a deadly weapon in conjunction with the aggravated robbery. Defendant was sentenced to thirty years in the DOC to run consecutively to his sentences in the dry cleaner case, the leather store case, and a third felony case for which defendant was then on probation.

Defendant appealed, and a division of this court affirmed the judgment and sentence. *People v. Alexander,* (Colo.App. No. 97CA0162, Dec. 4, 1997)(not published pursuant to C.A.R. 35(f) ). Defendant's petition for certiorari was denied, and the mandate issued on June 24, 1998.

### D. Defendant's Motions

On October 15, 2001, defendant filed identical motions for postconviction relief in the dry cleaner and leather store cases and argued that the sentences imposed were illegal because they exceeded the respective presumptive ranges and the enhancing elements were not submitted to the juries; he received ineffective assistance from the trial counsel; he received ineffective assistance from appellate counsel; and he had a right to the appointment of counsel in both postconviction proceedings.

On November 8, 2001, defendant filed a motion for postconviction relief in the ice cream store case and argued that he was entitled to the justifiable excuse-excusable neglect exception to the time bar in § 16–5–402(1), C.R.S.2004; his sentence was illegally enhanced; he received ineffective assistance of trial counsel; and he received ineffective assistance from appellate counsel.

The trial court provisionally appointed a public defender to represent defendant in all three postconviction proceedings. Because of a conflict of interest in the public defender's office, the trial court discharged the public defender's office and appointed private counsel to represent defendant. Defendant then moved for new counsel, arguing that his appointed private counsel was not providing sufficient attention to his cases. At a hearing, the trial court discharged defendant's private counsel and informed defendant that the court would review the pleadings in all three cases to determine whether appointment of new counsel was warranted.

The trial court subsequently denied defendant's postconviction motions in the three cases without a further hearing. This appeal followed.

## II. Dry Cleaner and Leather Store Cases

Because defendant's motions for postconviction relief in the dry cleaner and leather store cases were identical and his arguments on appeal are the same, we consider those motions together.

### A. Sentences

 Defendant contends that based on the holdings in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), his sentences for second degree kidnapping in the dry cleaner case and aggravated robbery in the leather store case violate his due process rights because they exceed the respective statutory presumptive ranges and the sentence enhancing elements were never submitted to the jury. We disagree.

In *People v. Bradbury,* 68 P.3d 494 (Colo. App.2002), a division of this court concluded that *Apprendi* does not apply retroactively to judgments that were final before *Apprendi* was announced on June 26, 2000. In addition, in *People v. Johnson,* 121 P.3d 185, 2005 WL 774416 (Colo.App. No. 03CA2339, Apr. 7, 2005), a division of this court concluded that *Blakely* does not apply to judgments that were final before *Apprendi* was decided. Defendant's convictions in the dry cleaner and leather store cases were final before

*Apprendi* was announced, and, therefore, *Apprendi* and *Blakely* are inapplicable.

Defendant also argues that his sentences must run concurrently because they were supported by identical evidence. In defendant's direct appeals in the dry cleaner and leather store cases, divisions of this court concluded that the trial court did not err in imposing consecutive sentences. Therefore, we need not consider this issue again. *See People v. Reali*, 950 P.2d 645, 647 (Colo.App. 1997).

### B. Trial Counsel

■ Defendant also contends that he received ineffective assistance from his trial counsel in the dry cleaner and leather store cases and argues that his counsel failed to investigate the cases properly, failed to present exculpatory evidence, failed to adequately pursue defense theories, and allowed the allegedly illegal sentences to be imposed. We disagree.

■ To succeed on a claim for ineffective assistance of trial counsel, a defendant must show that his counsel's performance was constitutionally deficient and that the deficient performance resulted in prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Davis v. People*, 871 P.2d 769 (Colo. 1994). Because a defendant must show both deficient performance and prejudice, a court may resolve the claim solely on the basis that the defendant has failed in either regard. *People v. Garcia*, 815 P.2d 937 (Colo.1991). To prove prejudice, a defendant must show a reasonable probability that, but for counsel's ineffective assistance, the result of the proceeding would have been different. *People v. Robles*, 74 P.3d 437 (Colo.App.2003).

The trial court concluded that because the victim in the dry cleaning robbery identified defendant during pretrial and trial proceedings as the robber, and because a partial palm print taken from the scene of the leather store robbery matched a known palm print of defendant, defendant could not prove that, absent his counsel's ineffective assistance, the result of either proceeding would have been different. Consequently, the trial court concluded that defendant could not prove ineffective assistance of trial counsel in either case. We agree with the trial court's analysis.

### C. Appellate Counsel

■ Defendant next contends that he received ineffective assistance of appellate counsel in the dry cleaner and leather store cases because his appellate counsel failed to advise him regarding state and federal statutory time limitations for state postconviction and federal habeas claims. We disagree.

■ The test for determining whether a defendant has received ineffective assistance of appellate counsel is the same as the test for ineffective assistance of trial counsel. *People v. Valdez*, 789 P.2d 406, 410 (Colo. 1990). Therefore, a defendant must show both that his counsel's performance was constitutionally deficient and that the deficient performance prejudiced him. *People v. Robles, supra.*

Here, defendant's motion asserted that *Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), imposes a requirement on appellate counsel in state courts to advise a defendant of the availability of postconviction relief under Crim. P. 35 and of the time bar in § 16–5–402(1). He provided no other support for his contention. The trial court concluded that defendant failed to meet either prong of the *Strickland* test.

In *Roe*, the Supreme Court held that defense counsel "has a constitutionally imposed duty to consult with the defendant about an appeal" when the defendant would want to appeal or the particular defendant demonstrated an interest in appealing. *Roe v. Flores–Ortega, supra*, 528 U.S. at 480, 120 S.Ct. at 1036. Other courts have held that counsel's obligation to advise a criminal defendant regarding appellate rights includes advice regarding the procedure and time limits. *United States v. Faubion*, 19 F.3d 226 (5th Cir.1994); *Childs v. Collins*, 995 F.2d 67 (5th Cir.1993).

However, we find no basis to conclude that there is a constitutionally mandated standard that appellate counsel must advise the defen-

dant regarding opportunities for statutory postconviction relief or federal habeas corpus, especially absent evidence that appellate defense counsel had reason to believe that such relief would be likely to succeed or that defendant indicated an interest in such efforts.

Therefore, we conclude that appellate counsel's failure to so advise defendant was not constitutionally deficient.

### D. Postconviction Counsel

Defendant next contends that his right to counsel was violated by the trial court's failure to appoint postconviction counsel. We disagree.

■ There is no federal or state constitutional right to counsel in Crim. P. 35 postconviction proceedings. *Duran v. Price*, 868 P.2d 375 (Colo.1994); *Brinklow v. Riveland*, 773 P.2d 517 (Colo.1989); *People v. Silva*, 131 P.3d 1082, 2005 WL 1300860 (Colo.App. No. 04CA0661, June 2, 2005); *People v. Ray*, 801 P.2d 8 (Colo.App.1990); *cf. People v. Valdez*, *supra* (recognizing right to counsel under Colo. Const. art. II, § 16 and C.A.R. 51(a) for purpose of preparing and filing application for certiorari); *but see People v. Hickey*, 914 P.2d 377 (Colo.App.1995)(recognizing limited statutory right to counsel in postconviction proceedings where allegations are factually sufficient to warrant a hearing). Therefore, we reject defendant's claim.

### III. Ice Cream Store Case

■ Defendant contends that the trial court erred in dismissing his Crim. P. 35(c) motion without a hearing in the ice cream store case. Defendant claims that his untimely filing is excusable because appellate counsel failed to tell him about the time bar in § 16-5-402(1) and the federal habeas statute of limitations. We disagree.

■ Claims brought under Crim. P. 35(c) are subject to the time bar of § 16-5-402(1), which provides, as relevant here, that a defendant ordinarily has three years from the date of a felony conviction to commence a collateral attack upon that conviction. *People v. Salinas*, 55 P.3d 268, 270 (Colo.App. 2002).

■ If a defendant's motion for postconviction relief is untimely under § 16-5-402(1), the trial court may deny the motion without conducting a hearing unless the defendant alleges facts that, if true, would establish justifiable excuse or excusable neglect. *People v. Salinas, supra.* Whether a defendant has demonstrated justifiable excuse or excusable neglect is a question of fact to be resolved by the trial court, whose ruling will not be overturned if the record supports its findings. *People v. Clouse*, 74 P.3d 336, 340 (Colo.App.2002). Ignorance or misunderstanding of the law and lack of legal assistance does not excuse the late filing of a Crim. P. 35(c) motion. *People v. Green*, 36 P.3d 125, 128 (Colo.App.2001).

■ For purposes of postconviction review, where, as here, there has been a direct appeal, judgment is final when the appellate process has been exhausted. *People v. Hampton*, 876 P.2d 1236, 1238 (Colo.1994).

Because defendant filed a direct appeal, his conviction became final in the ice cream store case when the mandate was issued on June 24, 1998. Absent justifiable excuse or excusable neglect, defendant was required to file his Crim. P. 35(c) motion not later than June 24, 2001. Defendant did not file the motion at issue here until November 8, 2001, after the § 16-5-402(1) period of limitations had expired.

Defendant's ignorance of the law does not constitute justifiable excuse or excusable neglect. *See People v. Green, supra.* And because there is no requirement that appellate counsel advise a defendant of time limitations for seeking postconviction relief, the absence of such advice is not a justifiable excuse and does not excuse defendant's neglect. Consequently, the trial court properly found, without a hearing, that defendant had failed to establish justifiable excuse or excusable neglect. Accordingly, defendant's Crim. P. 35(c) motion is time barred pursuant to § 16-5-402(1).

The orders are affirmed.

Judge TAUBMAN and Judge PICCONE concur.