COLORADO COURT OF APPEALS                                   2016COA169

_____

Court of Appeals No. 15CA1507
Weld County District Court No. 96CR819
Honorable Carol Glowinsky, Judge

_____

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Israel Chavez-Torres,

Defendant-Appellant.

_____

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE DUNN
Taubman and Casebolt*, JJ., concur

Announced November 17, 2016

_____

Cynthia H. Coffman, Attorney General, Carmen Moraleda, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

The Noble Law Firm, LLC, Antony Noble, Matthew Fredrickson, Lakewood,
Colorado, for Defendant-Appellant


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2016.

¶ 1 In *People v. Martinez-Huerta*, 2015 COA 69, ¶ 18, a division of this court concluded that a defendant's allegation that he pleaded guilty based upon his counsel's "affirmative and erroneous" advice regarding the immigration consequences of such a plea warranted a hearing to determine whether the defendant could establish justifiable excuse or excusable neglect for his late postconviction motion.

¶ 2 Relying on that case, the district court here summarily denied the untimely Crim. P. 35(c) motion of defendant, Israel Chavez-Torres, concluding as a matter of law that *Martinez-Huerta* foreclosed a hearing to determine whether Chavez-Torres' allegations, if true, would establish justifiable excuse or excusable neglect.

¶ 3 Because we do not read *Martinez-Huerta* the same way, and because we further conclude that Chavez-Torres alleged facts that, if true, would establish justifiable excuse or excusable neglect, we reverse and remand the case for further proceedings.

## I. Background

¶ 4 Chavez-Torres is a citizen of Mexico who came to the United States with his family when he was a child. While in high school,

Chavez-Torres pleaded guilty to first degree criminal trespass. The trial court sentenced him to probation, which he successfully completed.

¶ 5    Seventeen years after his criminal trespass conviction, the United States Department of Homeland Security initiated removal proceedings, alleging that Chavez-Torres was not legally present in the United States and had been convicted of a crime involving moral turpitude.

¶ 6    Chavez-Torres consulted with an immigration attorney who advised him that because of his conviction, he was not eligible for cancellation of removal from the United States. The immigration attorney also advised him that his plea counsel may have been ineffective in not advising him of the immigration consequences of his guilty plea.

¶ 7    Chavez-Torres moved for postconviction relief from his criminal trespass conviction under Crim. P. 35(c). He alleged that, despite the fact that he had informed plea counsel that he was not a citizen of the United States, counsel had advised him to accept the plea agreement without telling him that the guilty plea carried a risk of adverse immigration consequences. He claimed that, had

plea counsel properly advised him of this risk, he would have rejected the plea offer and insisted on going to trial. As a result, he asserted that his plea and conviction were constitutionally infirm.

¶ 8 Chavez-Torres acknowledged that his postconviction motion was untimely. But he alleged that the untimeliness resulted from circumstances amounting to justifiable excuse or excusable neglect because he had no reason to question the constitutional validity of his criminal trespass conviction until the initiation of the removal proceedings. It was only then, he alleged, that he learned his trespass conviction prevented him from remaining in the United States and that his plea counsel may have rendered ineffective assistance.

¶ 9 The district court summarily denied Chavez-Torres' motion. It found that (1) the motion was filed beyond the three-year deadline for postconviction challenges; (2) given the passage of time, "the prejudice to the state's case would be great"; and (3) Chavez-Torres had failed to assert facts "amounting to justifiable excuse or excusable neglect."

## II. Justifiable Excuse or Excusable Neglect

¶ 10    Chavez-Torres contends that the district court erred in summarily denying his postconviction motion based on the statutory time bar because (1) he asserted facts that, if true, would establish justifiable excuse or excusable neglect; and (2) the finding that the State would suffer "great" prejudice has no record support. We agree as to both.

### A. Governing Standards

¶ 11    A defendant has three years to file a Crim. P. 35(c) motion challenging a non-class-one felony conviction. § 16-5-402(1), C.R.S. 2016. But the deadline may be extended if "the failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect." § 16-5-402(2)(d).

¶ 12    To merit a hearing on the exception to the three-year deadline, a defendant must allege facts that, if true, would establish justifiable excuse or excusable neglect. *Close v. People*, 180 P.3d 1015, 1019 (Colo. 2008); *People v. Wiedemer*, 852 P.2d 424, 440 n.15 (Colo. 1993). The defendant need not set forth the evidentiary support for his allegations. *Close*, 180 P.3d at 1019.

¶ 13    In determining whether justifiable excuse or excusable neglect exists, the district court must consider "the particular facts of [the] case, so as to give effect to the overriding concern that defendants have a meaningful opportunity to challenge their convictions as required by due process." *Id.* To facilitate such a case-specific review, our supreme court has identified a list of non-exhaustive factors that a district court must consider in addressing justifiable excuse or excusable neglect. *Wiedemer*, 852 P.2d at 442. In particular, the court must take into consideration whether

1. circumstances or outside influences existed that prevented a challenge to the prior conviction;

2. a defendant having reason to question the constitutionality of a conviction investigated its validity and took advantage of relevant avenues of relief that were available;

3. a defendant had any previous need to challenge a conviction and either knew that it was constitutionally infirm or had reason to question its validity;

4. a defendant had other means of preventing the government's use of the conviction, so that a postconviction challenge was previously unnecessary; and

5. the passage of time affects the State's ability to defend against the challenge.

*Id.* at 441-42.

¶ 14     Whether a defendant can ultimately establish justifiable excuse or excusable neglect is a question of fact for the district court. *Id.* at 443. But whether the defendant alleged facts that, if true, would constitute justifiable excuse or excusable neglect, and therefore merit a hearing on the issue, is a question that we review de novo. *Martinez-Huerta,* ¶ 8; *see Close,* 180 P.3d at 1019, 1022.

## B. The Postconviction Allegations

¶ 15     Chavez-Torres' postconviction motion alleged that (1) he "told [his counsel] that he was not a citizen of the United States"; (2) "[o]n the advice of his attorney," he accepted the plea offer; (3) his attorney "did not advise him that the plea would prevent him from becoming a lawful permanent resident" or "prevent him from applying for cancel[l]ation of removal"; (4) he was "unaware" that the plea would "prevent him from remaining in the United States"; (5) he successfully completed his probation in 1998; and (6) he did not learn that his conviction had adverse immigration consequences until the removal proceedings were initiated. In support of his

6

postconviction motion, Chavez-Torres attached his plea agreement, which — unlike some such agreements — contained no notice of possible immigration consequences. And he attached his plea transcript, which again did not refer to possible immigration consequences.[1]

¶ 16    The prosecution did not respond to the postconviction motion.

¶ 17    Despite the uncontested allegations, the district court summarily denied the postconviction motion. Specifically, relying on *Martinez-Huerta*, the district court concluded, as a matter of law, that an attorney's failure to advise a client of adverse immigration consequences "does not establish justifiable excuse or excusable neglect." And it concluded that the prejudice to the State's case "would be great."

### C. *Martinez-Huerta*

¶ 18    *Martinez-Huerta* did not address the issue presented here. That is, it did not consider whether allegations that an attorney

---

[1] The record also contains the district court's disposition hearing checklist. Although the form has check marks next to several boxes related to Chavez-Torres' plea, the box identified as "POZO advisement" is not checked. *See People v. Pozo*, 746 P.2d 523, 529 (Colo. 1987) (recognizing that counsel has a duty to investigate the immigration consequences for a known non-citizen client).

affirmatively advised her non-citizen client to accept a plea, without also advising the client of related possible immigration consequences, are sufficient to warrant a hearing on justifiable excuse or excusable neglect. Rather, *Martinez-Huerta* concluded that the defendant's allegation there — that his counsel gave him "affirmative and erroneous" advice — was sufficient to warrant a hearing to determine whether the defendant could establish justifiable excuse or excusable neglect. *Id.* at ¶ 18. We thus do not agree with the district court that *Martinez-Huerta* stands for the general proposition that an attorney's mere failure to advise a client of adverse immigration consequences, under the circumstances alleged here, is insufficient, as a matter of law, to establish justifiable excuse or excusable neglect.

¶ 19    To be sure, and as the People stress, *Martinez-Huerta* observed that "[g]enerally, the absence of, or failure to give, advice does not establish justifiable excuse or excusable neglect." *Id.* at ¶ 17. But the cases *Martinez-Huerta* relied on for this unremarkable proposition — *People v. Alexander*, 129 P.3d 1051 (Colo. App. 2005), and *People v. Slusher*, 43 P.3d 647 (Colo. App. 2001) — are not immigration consequence cases. And neither involved

situations — like this one — where an attorney has a legal duty to advise a known, non-citizen client of possible immigration consequences related to a guilty plea. *See People v. Pozo*, 746 P.2d 523, 526 (Colo. 1987) (holding that attorneys have an affirmative duty to research relevant immigration law for their non-citizen clients, and when the law is clear, to advise their clients regarding the immigration consequences of a guilty plea); *accord People v. Kazadi*, 284 P.3d 70, 73 (Colo. App. 2011), *aff'd*, 2012 CO 73; *see also Padilla v. Kentucky*, 559 U.S. 356, 367 (2010) (recognizing that prevailing norms support "the view that counsel must advise her client regarding the risk of deportation").

¶ 20    In fact, *Alexander* held that appellate counsel has no duty to advise a defendant of the time limitations for seeking postconviction relief. 129 P.3d at 1056. As a result, it concluded that the absence of such advice was not a justifiable excuse and did not excuse the defendant's neglect. *Id.* And *Slusher* concluded that, under the circumstances there, an attorney's failure to advise a defendant of his rights under the Uniform Mandatory Disposition of Detainers Act (UMDDA) did not constitute justifiable excuse because the defendant did not explain why he failed to include his UMDDA

9

claim in a prior postconviction proceeding in which he was represented by counsel. 43 P.3d at 651. We thus do not agree that *Alexander* or *Slusher* created a per se rule that an allegation that an attorney failed to give advice — which the attorney has an affirmative legal duty to give — is insufficient to warrant a hearing to determine whether a defendant can demonstrate justifiable excuse or excusable neglect.

¶ 21     The People next argue that Chavez-Torres' "ignorance of the law" should not excuse his failure to file a timely postconviction motion. In so arguing, the People rely on *People v. White*, 981 P.2d 624, 626 (Colo. App. 1998), and *People v. Vigil*, 955 P.2d 589, 591-92 (Colo. App. 1997). But *White* and *Vigil* are unhelpful for the same reason that *Alexander* and *Slusher* are not helpful. These cases do not involve counsel's affirmative legal duty to advise a client regarding the risk of immigration consequences. Instead, they recognize the principle that a defendant's ignorance regarding the postconviction time bar cannot constitute justifiable excuse or excusable neglect. *White*, 981 P.2d at 626; *see Vigil*, 955 P.2d at 591-92.

¶ 22    But Chavez-Torrez has not alleged he should be excused simply because he was unaware of a statutory deadline. He alleged that his plea counsel advised him to plead guilty to criminal trespass, knowing he was not a citizen and without satisfying her legal duty to advise him of the related immigration consequences. And until he became aware of plea counsel's alleged failure to fulfill her legal duty, he asserts that he had no reason to question the constitutionality of his conviction. Chavez-Torres thus alleged facts directly implicating two *Wiedemer* factors. *See Wiedemer*, 852 P.2d at 441 (whether and when the defendant had reason to question the constitutionality of his conviction). Such particular facts are the type our supreme court cautioned "must" be considered "so as to give effect to the overriding concern that defendants have a meaningful opportunity to challenge their convictions as required by due process." *Close*, 180 P.3d at 1019.

¶ 23    Under these circumstances and in light of Chavez-Torres' Crim. P. 35(c) allegations, we do not agree that *Martinez-Huerta* forecloses a hearing to determine whether Chavez-Torres can establish justifiable excuse or excusable neglect for his otherwise untimely postconviction motion.

11

## D.  The Remaining Factors

¶ 24     As a second basis for summarily denying Chavez-Torres' postconviction motion, the district court found that "the prejudice to the state's case would be great" due to the passage of time.  The record, however, does not support this factual finding.

¶ 25     Whether relevant files and witnesses exist is a factual inquiry that must be determined on a case-by-case basis.  *See Wiedemer*, 852 P.2d at 441; *Martinez-Huerta*, ¶ 13.  The answer will not always be the same.

¶ 26     Although it appears that Chavez-Torres' postconviction motion was sent to the district attorney's office, the prosecution did not object or respond.  Nor did the district court seek or require a response.  And — as Chavez-Torres points out — the record here includes the plea agreement and the transcripts of the providency hearing and sentencing proceedings.  He also alleged that plea counsel is still a practicing Colorado attorney.  Absent a response from the prosecution, we cannot say whether this record is sufficient for the prosecution to defend the postconviction motion.  At any rate, the existing record does not support the district court's finding that the State will suffer "great" prejudice.

¶ 27    Finally, other than the passage of time, it is unclear whether the district court considered and weighed the remaining *Wiedemer* factors. *See Wiedemer*, 852 P.2d at 442 n.20 ("[T]he best approach for determining whether a defendant satisfies the justifiable excuse or excusable neglect standard under § 16-5-402(2)(d) is a weighing of the various interests at stake."). Specifically, Chavez-Torres alleged that having followed his counsel's advice to accept the plea offer, without discussion of the immigration consequences, he had no reason to question the constitutional validity of his guilty plea until he consulted with an immigration attorney about his removal proceedings. Chavez-Torres thus alleged facts that implicate the second and third *Wiedemer* factors (whether and when he had reason to question the constitutionality of his conviction). But the record is silent with respect to whether the district court considered and weighed these factors. *Cf. People v. Cordova*, 199 P.3d 1, 5 (Colo. App. 2007) (concluding "the trial court appropriately considered all the *Wiedemer* factors to determine justifiable excuse or excusable neglect, and that the court's findings are supported by the record"). For this reason too, a remand is needed.

¶ 28     Given all this, and under these circumstances, we are "reluctant to conclude, as a matter of law, that justifiable excuse or excusable neglect did not exist." *People v. Clouse*, 74 P.3d 336, 341 (Colo. App. 2002); *accord Martinez-Huerta*, ¶ 24. And we are persuaded that Chavez-Torres has "pleaded facts that warrant a hearing on justifiable excuse or excusable neglect." *Martinez-Huerta*, ¶ 7.

## III.  Ineffective Assistance of Counsel

¶ 29     Even accepting that the allegations could warrant a hearing on justifiable excuse or excusable neglect, the People urge us to affirm the district court's denial of Chavez-Torres' postconviction motion on the alternative basis that he has failed to prove the prejudice prong of his ineffective assistance of counsel claim. Although we may affirm a district court's order on any basis supported by the record, we are not persuaded to do so here.

¶ 30     The denial of a claim of ineffective assistance of counsel without a hearing is justified if, but only if, the existing record establishes that the defendant's allegations, even if proven true, would fail to establish either constitutionally deficient performance or prejudice. *Strickland v. Washington*, 466 U.S. 668, 690 (1984);

*Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003). To demonstrate prejudice in the context of a guilty plea, a defendant must show a reasonable probability that, but for counsel's deficient performance, he would have rejected the plea offer and insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *People v. Morones-Quinonez*, 2015 COA 161, ¶ 7. In an immigration consequences case, such a showing requires an allegation that rejecting the plea "would have been rational under the circumstances." *Padilla*, 559 U.S. at 372.

¶ 31 Chavez-Torres alleged in his postconviction motion that rejecting the plea offer would have been rational under the circumstances because his entire immediate family lived in the United States and he had no family in, or connections to, Mexico. These unrebutted allegations sufficiently assert *Strickland* prejudice. *See id.*; *Morones-Quinonez*, ¶ 12 ("[I]n the context of a decision to forgo a guilty plea based on immigration considerations, the defendant need only make some showing that the decision would have been rational."); *see also Kazadi*, 284 P.3d at 75 (The defendant's "alleged personal circumstances and lack of ties to the Congo support[ed] his assertion that he would not have pleaded

15

guilty had he received the advice that he was constitutionally entitled to receive.").

¶ 32    Because Chavez-Torres has alleged facts that support his contention that it would have been "rational under the circumstances" to reject the plea offer had he been properly advised of the immigration consequences, we cannot, on this record, conclude otherwise as a matter of law.

## IV.  Conclusion

¶ 33    The order denying the postconviction motion is reversed, and the case is remanded to the district court.  On remand, the court shall hold a hearing to determine whether Chavez-Torres has established justifiable excuse or excusable neglect for his untimely postconviction motion.  If he can, the court must then consider the merits of his postconviction motion.

JUDGE TAUBMAN and JUDGE CASEBOLT concur.