23CA1164 Peo v Chavez 11-13-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1164
Adams County District Court No. 03CR949
Honorable Patrick H. Pugh, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Raul Moreno Chavez,

Defendant-Appellant.

ORDER AFFIRMED

Division A
Opinion by CHIEF JUDGE ROMÁN
Graham* and Berger*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 13, 2025

Philip J. Weiser, Attorney General, Brian M. Lanni, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Jessica A. Pitts, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Defendant, Raul Moreno Chavez, appeals the postconviction court's order denying his motion for a proportionality review. We affirm.

## I.     Background

¶ 2     More than twenty years ago, a jury found Chavez guilty of nine counts of attempted first degree murder, conspiracy to commit first degree murder, two counts of illegal discharge of a firearm, two counts of felony menacing, and crime of violence counts. The district court imposed an aggregate 144-year prison sentence. A division of this court affirmed the judgment of conviction. *See People v. Chavez*, (Colo. App. No. 04CA2151, July 20, 2006) (not published pursuant to C.A.R. 35(f)). The mandate issued in November 2006.

¶ 3     Thereafter, Chavez filed numerous unsuccessful postconviction motions and appeals. *See People v. Chavez*, (Colo. App. No. 17CA0784, Sept. 6, 2018) (not published pursuant to C.A.R. 35(e)); *People v. Chavez*, (Colo. App. No. 15CA0307, Feb. 25, 2016) (not published pursuant to C.A.R. 35(f)); *People v. Chavez*, (Colo. App. No. 10CA2677, Dec. 22, 2011) (not published pursuant

to C.A.R. 35(f)); *People v. Chavez*, (Colo. App. No. 08CA1668, July 9, 2009) (not published pursuant to C.A.R. 35(f)).

¶ 4    In 2021, Chavez filed his sixth postconviction motion — a motion for a proportionality review of his sentences — based on the then-recently announced Colorado Supreme Court opinion in *Wells-Yates v. People*, 2019 CO 90M.  He argued that his motion should be exempt from the applicable procedural bars because, among other things, *Wells-Yates* announced new substantive rules of constitutional law that should be retroactively applied to his case, in accordance with *Montgomery v. Louisiana*, 577 U.S. 190 (2016).

¶ 5    While this postconviction matter was pending, a division of this court considered *Montgomery* and concluded that, to the extent *Wells-Yates* announced new constitutional rules, those rules were procedural and, therefore, did not apply retroactively.  *People v. McDonald*, 2023 COA 23, ¶¶ 2, 12, 22, 24 (*McDonald I*), *aff'd*, 2024 CO 75.  The division determined that, because *Wells-Yates*'s new procedural rules did not apply retroactively, the court did not err by denying as successive and untimely the defendant's postconviction request for a proportionality review based on *Wells-Yates*.  *Id.* at ¶¶ 2, 6-9, 24.

¶ 6    Relying on *McDonald I*, the postconviction court denied Chavez's motion as procedurally barred. Chavez appeals this order.

## II.    Legal Authority and Standard of Review

¶ 7    A postconviction request for a proportionality review is cognizable under Crim. P. 35(c). *People v. Moore-El*, 160 P.3d 393, 395-96 (Colo. App. 2007). A court must deny a Crim. P. 35(c) claim that was, or could have been, raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant. Crim. P. 35(c)(3)(VI), (VII). However, such a claim may not be denied if it is based on a new rule of constitutional law that was previously unavailable and if the rule has been, or should be, applied retroactively. Crim. P. 35(c)(3)(VI)(b), (VII)(c).

¶ 8    A defendant must file a Crim. P. 35(c) motion within three years of their conviction for an offense other than a class 1 felony. § 16-5-402(1), C.R.S. 2025; Crim. P. 35(c)(3)(I). Where, as here, a defendant filed a direct appeal, "conviction" in section 16-5-402(1) means the date the mandate issued in the direct appeal affirming the conviction. *Hunsaker v. People*, 2021 CO 83, ¶ 36; *People v. Hampton*, 876 P.2d 1236, 1240 (Colo. 1994).

¶ 9 A postconviction claim must be excluded from the three-year time limitation period if a court finds that the "failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect." § 16-5-402(2)(d). A claim based on a new rule of substantive constitutional law can constitute justifiable excuse for the failure to timely file a postconviction motion. *See People v. Rainer*, 2013 COA 51, ¶¶ 24-29, *rev'd on other grounds*, 2017 CO 50; *see also People v. Gardner*, 55 P.3d 231, 232 (Colo. App. 2002).

¶ 10 We review de novo the denial without a hearing of a Crim. P. 35(c) motion. We also review de novo the question of whether new authority applies retroactively on collateral review. *People v. Cali*, 2020 CO 20, ¶ 14; *see also People v. Cooper*, 2023 COA 113, ¶ 7.

### III.  Analysis

¶ 11 While this appeal was pending, the Colorado Supreme Court affirmed *McDonald I*, concluding that "the new rules *Wells-Yates* announced are procedural, not substantive" and that, "[a]ccordingly, *Wells-Yates*'s holdings don't apply retroactively to cases on collateral review." *McDonald v. People*, 2024 CO 75, ¶¶ 1, 34-35 (*McDonald II*).

¶ 12    Chavez contends that *McDonald II* was wrongly decided because its conclusion that *Wells-Yates* announced new nonretroactive, procedural rules of constitutional law contravenes the holding in *Montgomery*.  We are bound by that decision.  *See People v. Eason*, 2022 COA 54, ¶ 68.

¶ 13    Chavez's motion was untimely because it was filed more than three years after his direct appeal mandate issued.  *See* § 16-5-402(1); Crim. P. 35(c)(3)(I); *Hunsaker*, ¶ 36.  His motion was successive because his request for a proportionality review was raised in a prior postconviction proceeding.  Crim. P. 35(c)(3)(VI), (VII).  Because *Wells-Yates* does not support an exception to these procedural bars, we conclude that the postconviction court did not err by denying Chavez's motion as untimely and successive.

## IV.   Disposition

¶ 14    The order is affirmed.

JUDGE GRAHAM and JUDGE BERGER concur.